### NORTHWEST FIXTURE CO. v. KILBOURNE & CLARK CO.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1904.)

No. 980.

**1. BANKRUPTCY — CLAIMS — CONTRACTS—BREACH—LIQUIDATED DAMAGES—ENFORCEMENT.**

A contract for the merger of two corporations provided that defendant company should immediately cease purchasing goods, and as rapidly as possible dispose of all of its present stock to pay off its liabilities and then turn over to claimant its remaining assets, together with its good will and business, receiving in exchange therefor paid-up shares of the capital stock of claimant at par equal to the value of the merchandise so transferred, to be fixed by appraisers, and that in case of default of either party the party in default should pay the other $10,000 as liquidated damages. Defendant company thereafter became bankrupt before completing a sale of its property under the agreement, and its assets were insufficient to pay its liabilities. *Held* that, since claimant sustained no actual damages by the bankrupt's breach of its contract, claimant was not entitled to prove the contract damages as a claim against the bankrupt's estate.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

The following are the claim in suit, the report of the referee, and the opinion of the trial court:

"C. A. Kilbourne, being first duly sworn, on oath deposes and says: That he is the treasurer of Kilbourne & Clark Company, a corporation, and files herewith his amended claim as against the Northwest Fixture Company, the above-named bankrupt, leave of court being first had and obtained therefor, and for such amended claim as against the said bankrupt alleges: That at and before the filing of said petition the said Northwest Fixture Company was and is justly and truly indebted to said Kilbourne & Clark Company in the sum of ten thousand ($10,000.00) dollars. That the consideration of said debt is as follows: That heretofore and at all the times herein mentioned the Northwest Fixture Company was a corporation organized and existing under and by virtue of the laws of the state of Washington, and having its principal place of business in the city of Seattle, in said state. That heretofore, at a special meeting called by the board of directors of the Northwest Fixture Company, duly called for that purpose, at which meeting all of the directors were present except one Mr. Gould, those present at said meeting constituting a quorum of the board of directors, and being the owners of all of the stock of the Northwest Fixture Company except six shares thereof, the said Northwest Fixture Company being capitalized for the sum of ——— dollars, divided into ———

shares of the par value of one hundred dollars each, and said director, Mr. Gould, being the owner of said stock, was fully aware of said proceedings, and thereafter, having ratified all the matters and things done at said meeting, the following resolution was offered at said meeting to the board of directors aforesaid representing all of the stock of the Northwest Fixture Company excepting said six shares, and by the authority of the by-laws of said company said board of directors had full power and management of the business of said Northwest Fixture Company, and power and authority to enter into any agreement or contract which they believed to be for the best interest of said company, which said resolution was as follows:

" 'Whereas, a proposition has been made this Company by the Kilbourne & Clark Company, with a purpose in view of consolidating the two companies; and whereas, a proposition has been suggested that the consolidation should be brought about pursuant to the following terms and agreements, to wit: Fifty thousand ($50,000.00) dollars in cash shall be considered as the value of the stock of merchandise of the Kilbourne & Clark Company, and the value of the stock of merchandise of the Northwest Fixture Company shall be fixed by appraisers appointed by agreement, and the business of the new consolidated firm shall be carried on under the name of the Kilbourne & Clark Company, and stock in said company shall be issued to the respective companies or whom they may designate, according to the values herein stated: Now, therefore, it is hereby resolved that the agreement on file and this date proposed and read is hereby accepted and authorized, and the president and secretary of this company are hereby authorized to execute the same and affix the seal of our company to said agreement, which said agreement is dated this 19th day of April, A. D. 1902.

" '(Certified true Copy.)                    C. J. Purdy, Secty.'

"That in pursuance of said resolution, and being duly authorized, the following memorandum of agreement was made and entered into by and between the said Northwest Fixture Company and the said Kilbourne & Clark Company, which is in the words, letters, and figures following, to wit:

" 'Memorandum of Agreement, made and entered into this 19th day of April, 1902, by and between the Kilbourne & Clark Company and the Northwest Fixture Company, both corporations duly organized and existing under and by virtue of the laws of the state of Washington, and having their principal place of business in the City of Seattle, King County, Washington:

" 'Witnesseth: That, whereas, said corporations are now and have been for some time past engaged in the business of selling electrical machinery and supplies:

" 'And, whereas, it is the intention, desire and purpose of said companies to combine their business by consolidating the same under the firm name of the Kilbourne & Clark Company, which company, if necessary to carry out the plan of consolidation hereinafter mentioned, will increase its present capitalization, which is now one hundred thousand dollars ($100,000.00);

" 'And whereas the Northwest Fixture Company is not now in condition to turn over its stock of merchandise to effect said consolidation and is desirous of reducing its stock of merchandise to such a degree that the remaining merchandise of said Northwest Fixture Company shall be free and clear from all incumbrances at the time said stock of merchandise is turned over to the said Kilbourne & Clark Company under the terms of this agreement:

" 'Now, therefore, it is hereby agreed by the parties hereto as follows:

" 'That the Northwest Fixture Company shall immediately cease purchasing goods, except as hereinafter specified, and shall at once begin to sell and as rapidly as possible dispose of so much of its present stock of merchandise as will pay off its liabilities, and shall then turn into the Kilbourne & Clark Company the remainder of its stock of merchandise, together with its good will in business, receiving in exchange therefor fully paid up shares of capital stock of the Kilbourne & Clark Company, at par value equal to the value of merchandise to be fixed by appraisers hereinafter referred to.

" 'In determining the value of said stock of merchandise of the Northwest Fixture Company each party hereto shall appoint one appraiser, and these two appraisers shall appoint a third person to act as referee, and said two

128 F.—17

appraisers shall inventory and fix said valuation of merchandise of the Northwest Fixture Company on the basis herein mentioned. In case the two appraisers appointed by the parties hereto cannot agree, the third person appointed by said appraisers shall determine the valuation and his determination shall be final. Said appraisers shall make a full and complete inventory of the merchandise stock of the Northwest Fixture Company at the time said Northwest Fixture Company is ready to turn over the same to the Kilbourne & Clark Company, and shall fix the cash value of the same, and upon the delivery to the Kilbourne & Clark Company, at their place of business, # 815 Second Avenue, in Seattle, together with a bill of sale of the same free from all incumbrances and together with the good will and business of the Northwest Fixture Company, said Kilbourne & Clark Company will deliver to the person or persons designated by the Northwest Fixture Company certificates of stock fully paid and non-assessable of the Kilbourne & Clark Company, amounting in par value to the sum fixed as the value of the Northwest Fixture Company's stock of merchandise as determined by said appraisers.

"'It is further agreed between the parties hereto, that each of the parties hereto shall sell goods one to the other to enable each to fill orders that they may receive, charging therefor the present market cost price plus freight at the less than car load lot rate, and an advance of five per cent. thereover. And the Northwest Fixture Company shall not make any purchases of any goods of any kind whatsoever, other than those purchased from the Kilbourne & Clark Company, herein provided.

"'It is also agreed that the two companies shall work in harmony from this date on as though the consolidation were already perfected, but is expressly understood that neither party shall be liable for the debts of the other.

"'And it is further expressly understood and agreed by and between the parties hereto that the Northwest Fixture Company shall, in the event this agreement being consummated or otherwise, save harmless, the said Kilbourne & Clark Company from any loss, cost, damage or expense by reason of the indebtedness of the Northwest Fixture Company, it being expressly understood and agreed that the Kilbourne & Clark Company does not assume in any way, either directly or indirectly, by this consolidation or agreement, any of the debts or liabilities of the Northwest Fixture Company.

"'It is further agreed, that until such time as the said Northwest Fixture Company has sold or disposed of a sufficient amount of its stock of merchandise to liquidate its indebtedness, Mr. E. C. Kilbourne, of Seattle, shall have sole supervision and control of the management of said Northwest Fixture Company, in order that said Northwest Fixture Company may place itself in condition to consummate the consolidation herein agreed to.

"'It is further agreed, by and between the parties hereto that for the purpose of this agreement and its consummation the value of the merchandise and stock of the Kilbourne & Clark Company is hereby agreed upon and fixed as the sum of Fifty Thousand ($50,000.00) Dollars and to be accepted at this value provided said business, merchandise and stock shall be valued at that amount at the time of consolidation, and the value of the stock and merchandise of the Northwest Fixture Company shall be the value fixed by the appraisers thereof, herein referred to.

"'And it is further agreed by and between the parties hereto, and said appraisers are to be instructed accordingly, that in making said inventory said appraisers shall stipulate and define in a separate lot all obsolete and unsalable goods as junk, and fix the value of the same as junk or unsalable goods, and the same is to be reserved and left out of the inventory, and a gross value shall be placed upon the same by said appraisers, and the said Kilbourne & Clark Company shall have the privilege of accepting the same or otherwise, as in their judgment may seem best.

"'And it is further agreed, that in the event that at the time of the consummation of the consolidation hereafter proposed there shall be any indebtedness owing by the Kilbourne & Clark Company or the Northwest Fixture Company, such indebtedness shall be guaranteed personally by the present stockholders of the respective companies.

"'And it is also mutually agreed that any misunderstanding or difference arising between the two companies previous to the final and complete condi-

tion, shall be referred to E. C. Kilbourne, whose decision in which case shall be final.

" 'It is further expressly understood and agreed that the building and fixtures attached thereto, now occupied by the Northwest Fixture Company, is not to be included in the transfer or considered as contemplated by this agreement or in any manner affected thereby.

" 'It is further hereby agreed that in the event either party hereto fails to keep this agreement, the party thus in default, their successors and assigns, shall pay to the other party the sum of Ten Thousand Dollars ($10,000.00) as liquidated damages for the breach thereof.

" 'In witness whereof, the parties hereto have caused these presents to be subscribed in duplicate, by their respective Presidents and Secretaries, the day and year hereinabove first written.

" '[Seal.]                           Kilbourne & Clark Company,
                                  " 'By C. A. Kilbourne, Its President.
                                  " 'By V. J. Dwyer, Its Secretary.
" '[Seal.]                          Northwest Fixture Company.
                                  " 'By A. L. Kasson, Its President.
                                  " 'By C. J. Purdy, Its Secretary.'

"That thereafter a petition for adjudication in bankruptcy was filed by certain creditors of the Northwest Fixture Company, and to said petition the said Northwest Fixture Company filed an answer admitting that the said Northwest Fixture Company was a bankrupt. That the said Northwest Fixture Company has refused, and still refuses, to perform its said contract, and that by the petition asking that the said Northwest Fixture Company be adjudged a bankrupt, and under and by virtue of the adjudication in bankruptcy of the said Northwest Fixture Company, and under and by virtue of all the matters and things which have taken place in the above-entitled cause, it is now impossible for the said Northwest Fixture Company to carry out its said agreement. That under and by virtue of said contract, and by the refusal and inability of the said Northwest Fixture Company to carry out its said contract as aforesaid, the said creditor herein, Kilbourne & Clark Company, has been damaged in the sum of ten thousand ($10,000.00) dollars, and that said sum of $10,000.00 under and by virtue of the contract herein set forth has been agreed upon as liquidated damages in case either of the parties should fail to carry out its said agreement; and that said Northwest Fixture Company, by virtue of its failure to carry out the agreement mentioned herein, has become indebted as and for liquidated damages to said Kilbourne & Clark Company in the sum of ten thousand ($10,000.00) dollars. That no part of said debt has been paid. That there are no offsets or counterclaims to the same; and that deponent has not, nor has any person by his order, or to his knowledge or belief, for the use of said Kilbourne & Clark Company, had or received any manner of security for said debt whatever, nor has any person for or on behalf of said Kilbourne & Clark Company received any note or any evidence of the indebtedness other than the agreement herein above set forth.

                                                 "C. A. Kilbourne.

"Subscribed and sworn to before me this 17th day of September, 1902.
                                                 "James J. McCafferty,
"Notary Public in and for the State of Washington, residing at Seattle."

"John P. Hoyt, the referee herein, having heretofore made and filed an order disallowing and expunging the amended claim of the Kilbourne & Clark Company filed herein on the 18th day of September, 1902, and the attorneys for the claimant having excepted to making of said order and filed a request that it be certified to the honorable judge of this court for review, in compliance with said request the undersigned does hereby certify and return the said amended claim with the submitted proof thereof, the objections to its allowance, and the motions that it be expunged, filed, and made in reference thereto, together with the said order made upon the hearing of said objections and motions and the proof offered thereat, and for the information of the said judge, the undersigned further certifies that his reasons for holding that said claim was not provable against said bankrupt's estate were briefly stated as follows, to wit: First. That the contract set out in said proof of claim, and upon which the same was founded, was shown

by the proof not to have been so executed as to be binding upon the Northwest Fixture Company, the above-named bankrupt; that in the opinion of said referee the contract was of such a nature that no presumption could be indulged in aid of proof of its proper execution, and for that reason he was of the opinion that upon objections made it devolved upon the claimant to show affirmatively the execution of the contract; that in his opinion not only was this not done, but, on the contrary, it affirmatively appeared that the attempted authorization of the execution of the contract was made when only two of the three acting trustees were present, without any notice to or consultation with the third trustee; that the execution of the contract was never authorized or ratified by the said third director, or any meeting of the trustees or directors of said Northwest Fixture Company nor of its stockholders. Secondly. That the contract in itself was so indefinite, and the amount of property to be transferred by the Northwest Fixture Company so uncertain and indefinite, as to make said contract unenforceable. And, thirdly, that the contract only contemplated the transfer by the Northwest Fixture Company of such property as they might have left after selling enough to pay their debts; and, the proceedings in bankruptcy having shown that there would be no property left after such debts were paid, the claim for failure to transfer property could not be enforced as against the creditors.

"Dated at Seattle, in said district, this 20th day of February, A. D. 1903.

"John P. Hoyt, Referee in Bankruptcy."

"HANFORD, District Judge. I have read the evidence submitted in support of the claim of the Kilbourne & Clark Company, which was disallowed by the referee, and I concur in his findings and conclusions in every particular. The contract sued upon is somewhat peculiar. The apparent object of the parties was to extinguish the Northwest Fixture Company, which could not be done in the manner proposed if any stockholder objected; and it was necessary, therefore, to sustain the validity of the contract, to prove affirmatively that every stockholder did consent, or at least that a full opportunity was given by reasonable notice for every stockholder to protest if he desired to do so. If the contract could be sustained at all as a valid contract, I do not believe that the action of the creditors in instituting bankruptcy proceedings would constitute a breach of the contract without proof that there would have been a surplus of merchandise to have been delivered to the Kilbourne & Clark Company, pursuant to the terms of the contract, after a sufficient amount had been disposed of to pay all of the debts of the Northwest Fixture Company, as provided for in the contract. If in fact the Northwest Fixture Company, at the time of making the contract, did not have a surplus of assets over and above what was necessary to pay its debts, then such a contract entitling the other party to claim liquidated damages cannot be enforced without perpetrating a fraud upon its creditors, because the Kilbourne & Clark Company have not paid anything, nor promised to pay anything except the ascertained value of whatever surplus should be found after payment of the then existing indebtedness of the Northwest Fixture Company. If there was no surplus, there would be no payment, and the Kilbourne & Clark Company could not possibly suffer a pecuniary loss. Therefore the mere promise of an insolvent debtor to pay a sum of money as liquidated damages is a nudum pactum, and to allow the Kilbourne & Clark Company to share in the distribution of the assets, so as to diminish the dividends payable to other creditors, would impose upon them a loss in fulfillment of a promise which an insolvent debtor could not lawfully make. The decision and order of the referee disallowing this claim are hereby confirmed."

Tucker & Hyland and McCafferty & Kane, for appellant.

Peters & Powell, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. In April, 1902, the appellant, Kilbourne & Clark Company, a corporation created under the laws of the

state of Washington, entered into an agreement with the Northwest Fixture Company, a corporation also created under the laws of that state, whereby it was agreed that the latter company should immediately cease purchasing goods and begin to sell and as rapidly as possible dispose of sufficient of its present stock of merchandise to pay off its liabilities, and should then turn over to the appellant the remainder thereof, together with its good will in business, receiving in exchange therefor fully paid-up shares of capital stock of the appellant company at par value equal to the value of the merchandise so transferred, the value whereof was to be fixed by appraisers. The agreement contained the following provision: "It is further agreed that, in the event either party hereto fails to keep its agreement, the party thus in default, their successors and assigns, shall pay to the other party the sum of ten thousand dollars as liquidated damages for the breach thereof." The sale of the property under the agreement referred to was never carried out. About two months after the execution of the agreement an involuntary petition in bankruptcy was filed against the Northwest Fixture Company, and thereupon it was adjudged a bankrupt. The appellant filed its claim against the bankrupt's estate for the sum of $10,000, claiming that the same was due it as the liquidated damages provided for in the agreement. Exceptions were filed to the claim, and a hearing was had thereon before the referee in bankruptcy, who sustained the exceptions. From that ruling an appeal was taken to the district judge, and by his decision the ruling of the referee was affirmed, the court holding that no damages were recoverable by the appellant under the agreement for the reason that it was not shown that there was a surplus of merchandise belonging to the bankrupt after the payment of its debts. This ruling is assigned as error.

It is clear that no damages were recoverable by the appellant for the breach—if breach there were—of the contract. Conceding the rule to be that, in order to recover a sum as liquidated damages, it is unnecessary to prove actual damage, it is also true that no provision in a contract for the payment of a fixed sum as damages, whether stipulated for as a penalty or as liquidated damages, will be enforced in a case where the court can see that no damages have been sustained. It is the general rule that, where the sum named in the contract to be paid on a breach thereof is evidently wholly disproportionate to the damage actually sustained, or where it is shown that no actual damage has been sustained by the breach, the courts will deem the parties to have intended to stipulate for a mere penalty to secure performance. 19 Am. & Eng. Enc. of Law (2d Ed.) 410; Gay Manufacturing Company v. Camp, 65 Fed. 794, 13 C. C. A. 137; Wilcus v. Kling, 87 Ill. 107. In this case it is apparent that the appellant has sustained no damage. The adjudication of bankruptcy creates the presumption that the Northwest Fixture Company was insolvent. No proof is offered to show that that presumption is not sustained by the facts. If bankruptcy had not intervened, and the corporation had proceeded to carry out the terms of its agreement, it is evident that its assets would have been no more than sufficient to pay its debts, and that it would have had nothing left to turn over to the appellant. In that event not only would the appellant have suffered no damage, but the North-

west Fixture Company would have had no funds out of which to pay its claim for liquidated damages. In short, to permit the appellant now to share in the bankrupt's estate, pro rata with the creditors of the bankrupt, to the full extent of its claim for damages, would be to violate the spirit, if not the letter, of the agreement, for by the terms of the agreement the assets of the Northwest Fixture Company were to be devoted first to the payment of its creditors.

The order of the District Court is affirmed.