## DETROIT EDISON CO. v. WYATT COAL CO.

(Circuit Court of Appeals, Fourth Circuit. September 29, 1924.)

No. 2243.

**1. Damages ⬤☞78(6)—Courts will disregard expressed intention for liquidated damages only when compensation is evidently disregarded.**

Courts will disregard expressed intention of parties to provide for liquidated damages on failure of ·delivery only when principle of compensation is evidently disregarded.

**2. Damages ⬤☞78(6)—Provision requiring payment of 20 cents a ton for coal not delivered or accepted held liquidated damages and not penalty.**

Contract of sale of coal, providing for payment of 20 cents damages for each ton of coal not delivered on one hand or not accepted on the other, ·held to provide for liquidated damages and not penalty, and claim for damages could not exceed such 20 cents per ton.

**3. Damages ⬤☞85—Failure to deduct liquidated damages for shortage held not waiver of claim for damages.**

Failure of purchaser under contract of sale of coal to make deduction of 20 cents per ton provided as liquidated damages for shortage in deliveries held not waiver of claim for such damages.

**4. Limitation of actions ⬤☞24(2)—Action to recover damages for breach of written contract is "action to recover money," within 10-year West Virginia statute.**

An action to recover damages for breach of written contract is action "to recover money" founded on written contract, and falls under 10-year statute and not 5-year statute of West Virginia (Code, c. 104, §§ 6, 12).

**5. Limitation of actions ⬤☞24(2)—Action to recover liquidated damages is action to recover money on written contract.**

Buyer's cause of action for liquidated damages provided in contract was action to recover money founded on written contract, even assuming that action for unliquidated damages would not be one for money founded on contract, under Code W. Va. c. 104, §§ 6, 12.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Action by the Detroit Edison Company against the Wyatt Coal Company. Judgment for defendant, and plaintiff brings error. Reversed.

James V. Oxtoby, of Detroit, Mich., and T. Brooke Price, of Charleston, W. Va. (Ernest E. Winters, Jr., of Huntington, W. Va., Price, Smith & Spilman, of Charleston, W. Va., and Oxtoby, Robison & Hull, of Detroit, Mich., on the brief), for plaintiff in error.

George Poffenbarger, of Charleston, W. Va. (Poffenbarger, Blue & Dayton, of Charleston, W. Va., on the brief), for defendant in error.

Before WOODS, WADDILL,- and ROSE, Circuit Judges.

WOODS, Circuit Judge. In this action for the breach of a contract for the sale of coal the District Judge directed a verdict for the defendant. The facts are not in dispute, and the inquiry is whether the plaintiff is entitled to recover for defendant's breach of the contract, and, if so, on what basis.

The contract dated June 27, 1916, was for the sale of 75,000 tons of coal, to be delivered in quantities specified for each month from July, 1916, to June, 1917, at the price of $1 a ton f. o. b. at the mines. The quantity of coal and the price were afterwards increased, the contract remaining unchanged in other respects. According to the plaintiff's evidence, the market price of coal rose during the life of the contract from $1·a ton to $4.50 a ton, and the defendant's deliveries were short 54,469 tons. The following provisions. of the contract are vital:

"If, during any month or months covered by this contract period, there shall have been mined the amount scheduled, or more tons of coal. at the mines mentioned herein, and less than the scheduled tons shall have been shipped to the Edison Company during this period, then the Edison Company shall have the right to charge the coal company as its liquidated damages twenty (20) cents per ton for each ton short in shipping and the Edison Company may deduct such damages from any moneys due to the coal company.

"If, however, less than the scheduled tons of coal is mined from these mines during any month or months, and all of the coal so mined is shipped to the Edison Company, then no damages shall be charged to the coal company, but it shall be obligatory on the part of the coal company to furnish evidence satisfactory to the Edison Company that less than a total of the scheduled tons of coal was mined and that all the coal which was mined was shipped to the Edison Company.

"The Edison Company agrees to accept the full tonnage covered by this agreement,

provided same is shipped within the contract period and under the conditions stipulated in the contract or pay liquidated damages in the sum of twenty (20) cents per ton to the coal company for such tonnage as it shall not accept. * * *

"It is also understood and agreed that nothing in this agreement is to relieve the coal company from its obligation to ship the Edison Company all or part of the tonnage scheduled for each month provided sufficient coal is mined."

[1, 2] The plaintiff contends that the 20 cents a ton was not intended as liquidated damages, but a mere penalty, which it could waive and recover as damages the difference between the contract price and the market price. The Detroit Edison Company supplies light, heat, and power to the city of Detroit and adjacent country, consuming for the year of the contract about 700,000 tons of coal. Wyatt Coal Company was engaged in the business of mining, buying, and selling coal. The contract is impressed with a strong presumption that the officers and counsel of these large corporations knew the meaning of the language they used and intended what they said. The risk of loss and bankruptcy from market fluctuations in the sale of goods extending over long periods of time is very great. The right to limit the risk of the loss by contract between the parties should be fostered, rather than condemned. Such agreements tend to remove the element of speculation from business and promote quick settlements without litigation. The courts will disregard the expressed intention of the parties to provide for such liquidated damages only when the principle of compensation is evidently disregarded.

In this case the measure of damages for default is the same for seller and buyer. It is moderate and fair, and evidently meant to protect both parties from market fluctuations, which they were unwilling to risk for an entire year, and to provide a means of quick settlement, without the delay and cost of judicial inquiry. The authorities supporting the conclusion that they meant to contract for liquidated damages and not for penalties, and that the contract was valid, are too plain to require analysis. Sun Printing & Publishing Co. v. Moore, 183 U. S. 642, 660, 22 S. Ct. 240, 46 L. Ed. 366; United States v. Bethlehem Steel Co., 205 U. S. 105, 27 S. Ct. 450, 51 L. Ed. 731; Maryland Dredging & Contracting Co. v. United States, 241 U. S. 184, 36 S. Ct. 545, 60 L. Ed. 945, Ann. Cas. 1918E,

32; Wise, Trustee, v. United States, 249 U. S. 361, 365, 39 S. Ct. 303, 63 L. Ed. 647; Hathaway & Co. v. United States, 249 U. S. 460, 39 S. Ct. 346, 63 L. Ed. 707; Robinson, Adm'r, v. United States, 261 U. S. 486, 488, 43 S. Ct. 420, 67 L. Ed. 760; Charleston Lumber Co. v. Friedman, 64 W. Va. 151, 61 S. E. 815; Webster v. Bosanquet (1912) App. Cas. 394, Ann. Cas. 1912C, 1019, note, 1021. A contract in the exact terms was recently held to provide for liquidated damages, and not penalties, in an elaborate opinion of the Circuit Court of Appeals for the Sixth Circuit. Jewett, Bigelow & Brooks v. Detroit Edison Co., 274 F. 30.

The provision that nothing in the contract "is to relieve the coal company from its obligation to ship the Edison Company all or a part of the tonnage scheduled for each month provided sufficient coal is mined" was merely a general reaffirmation of the obligation to ship the coal, and did not affect the specific agreement for the measure of damages in case of default. We think it plain that the plaintiff's claim for damages could not exceed the twenty cents a ton contracted for.

[3] The plaintiff paid the defendant for all coal delivered under the contract, without exercising the right conferred by the contract to deduct the 20 cents a ton for shortage in deliveries. The defendant's contention that the failure to make the deduction was a waiver of any claim for damages agreed on is without foundation. Obligation to deduct the 20 cents a ton was not imposed, but negatived. Plaintiff's failure to exercise the privilege of deduction in no wise affected the substantive obligation of the defendant to pay or the right of the plaintiff to collect.

[4] Defendant relies on the statute of limitations, contending that the action was barred by failure of the plaintiff to sue within five years. Section 6, chapter 104, of the Code of West Virginia provides:

"Sec. 6. Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: If the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator or guardian, curator, committee, sheriff or deputy sheriff, clerk or deputy clerk, or any other fiduciary or public officer, within ten years; if it be upon any other contract by

writing under seal, executed before the first day of April, one thousand eight hundred and sixty nine, within twenty years; but if executed on or after that day, within ten years; if it be upon an award, or upon a contract by writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years; and if it be upon any other contract, within five years, unless it be an action by one party against his copartner for a settlement of the partnership accounts, or upon accounts concerning the trade of merchandise between merchant and merchant, their factors or servants, where the action of account would lie, in either of which cases the action may be brought until the expiration of five years from a cessation of the dealings in which they are interested together, but not after."

The position taken is that an action to recover damages for breach of a written contract is not an action "to recover money" founded on a written contract, and therefore it does not fall under the ten-year period provided by the section quoted, but under the five-year period provided by section 12 of the statute for every personal action for which no limitation is otherwise prescribed. To say that an action to recover money which a party to a contract has expressly or impliedly promised by the contract to pay is an action to recover money founded on a contract, but an action to recover damages for the breach of the contract is not, would be setting up a highly artificial distinction. The technical distinctions of the old common-law pleading do not control the simple language of the statute. Plainly, an action to recover damages is an action to recover money, and an action to recover damages for the breach of a contract is an action to recover money founded on the contract. The broad meaning which section 6 was intended to have is indicated by the inclusion in the statute as an action to recover money founded on contract of an action by one partner against another for an accounting and other matters of accounts between merchants and their agents. But discussion is unnecessary, for the West Virginia court has held that an action to recover damages for a breach of contract is an action to recover money on a written contract falling within the ten year period. Sibley v. Stacey, 53 W. Va. 292, 44 S. E. 420. In Ilsley v. Wilson, 42 W. Va. 757, 26 S. E. 551, and Railroad Co. v. McIntire, 44 W. Va. 210, 28 S. E. 696, the court stated and recognized the application of the statute apparently as if it were too plain for doubt.

[5] Even if it be assumed, however, that an action for unliquidated damages for breach of contract is not an action for money founded on a written contract, that is not the case we are considering. The second count of the declaration, which states the plaintiff's real cause of action, sets out the written contract and the promise of the defendant expressed in it to pay 20 cents a ton for all coal it failed to deliver as agreed. The action, therefore, even under the authorities and the rule relied on by the defendant, was an action to recover money founded on a contract because the contract expressly provided for its recovery. The plaintiff's cause of action for the liquidated damages of 20 cents a ton was not barred by the statute of limitations, and under the testimony offered the District Judge should have directed a verdict in favor of the plaintiff for 20 cents a ton for the coal which defendant failed to deliver as agreed.

Reversed.