COUNTY OF BLUE EARTH v. BISBALLE CONSTRUCTION
COMPANY AND ANOTHER.[1]

March 25, 1927.

Nos. 25,886, 25,887.

**Complaint insufficient to warrant recovery either of damages or liquidated damages.**

The county seeks to recover liquidated damages for not constructing a county drainage system within the time specified in the contract, and also to recover the estimated cost of relaying the tile according to the contract, the claim being that the same had been negligently and improperly laid and that the county did not discover that fact until after the work had been accepted and practically paid for in full. It is *held*:

(1) The stipulation for liquidated damages is binding both on the contractor and the surety, but the allegations of the complaint are insufficient to show plaintiff entitled to such damages.

(2) The complaint fails to state a cause of action for damages either because of a failure to substantially perform the contract and within G. S. 1923, § 6691, or because of negligent construction, discovered after the work was accepted and practically paid in full, for the complaint fails to show that the county has remedied the defects or incurred any obligations to that end, and hence no damages have accrued to the county.

Building and Construction Contracts, 9 C. J. p. 896 n. 7.
Drains, 19 C. J. p. 691 n. 7.

Defendant contractor and its surety separately appealed from an order of the district court for Blue Earth county, Comstock, J., overruling their separate demurrers to the complaint. Reversed.

*Freeman & Smith, H. W. Volk,* and *J. W. Schmitt,* for appellants.
*C. J. Laurisch* and *C. A. Fosnes,* for respondent.

HOLT, J.

To a complaint seeking a recovery for the negligent and delayed construction of a county tile ditch the defendant contractor and its

[1]Reported in 213 N. W. 30.

surety separately demurred on the ground that several causes of action were improperly united and that as to each of the three items of alleged damages the complaint did not state a cause of action. As to one item the demurrer was sustained and plaintiff does not appeal. As to the remaining two items the demurrers were overruled with a certificate that important and doubtful questions were presented. Separate appeals were taken from the order.

Since one item, or so-called cause of action, was eliminated in the court below, and another of the two remaining must be eliminated in this court, no consideration need be given to the claim of misjoinder.

The contract and bond are attached to and made part of the complaint. The contract bears date September 30, 1920, and contains a provision for the payment of $10 as liquidated damages for each day that the ditch remains uncompleted after the time specified in the engineer's report for its completion. It also stipulates that time shall be of the essence of the contract, and that no extension of time granted shall affect the right of the county to these liquidated damages during such extension. It is alleged in the complaint that the time specified in the engineer's report for the completion of the contract was September 15, 1921; that "defendant has wholly failed and neglected to do the work, or construct the ditch in accordance with the plans and specifications or within the time limited and fixed thereby, and that by reason thereof," the $10 a day penalty has become due and payable, and that 1,269 days have elapsed since the contract was to have been completed.

The surety confidently relies on City of Winona v. Jackson, 92 Minn. 453, 100 N. W. 368, and Hansen v. Remer, 160 Minn. 453, 200 N. W. 839. They are not in point, for in neither case did the bond refer to or purport to be given to protect against the item of damages for which a recovery was sought. In the case at bar the bond contains these applicable provisions:

"It is hereby stipulated and agreed by and between all parties hereto that the principal and surety shall be liable for all damages resulting from any failure of said principal to perform said work

within the time limited in said contract for the completion of the same, and the failure of said principal to perform said work in any other respect according to the said contract and within the time specified therefor, whether the said work be resold or relet or not; and that no extension of the time in said contract specified for completing said work shall in any respect affect the right to enforce the forfeiture and damages specified in said contract for the failure of said principal and to complete said work within the time originally limited in said contract for the performance thereof, or within the time limited by any extension of the time for the performance thereof, and it is further stipulated and agreed by and between all parties hereto that any person showing himself injured by the failure of said principal to perform and complete said work according to said contract and the time limited therein for the completion of the same may maintain an action upon this bond, in his own name, and that such right of action shall be successive of any and all persons so injured."

We think it is plain from the terms of the bond that the surety is bound equally with the contractor for liquidated damages. There appears no valid reason why stipulated liquidated damages should not be recoverable for breach of the covenants in a ditch bond the same as in any contract for public work. As against the contractor stipulated damages may be recovered for delay in completing such work. Robinson v. U. S. 261 U. S. 486, 43 Sup. Ct. 420, 67 L. ed. 760. Moreover, the statute provides for liquidated damages in drainage contracts, G. S. 1913, § 5537, G. S. 1923, § 6690. But this action is brought on the theory that there has been a completion or a claimed completion of the contract. The complaint alleges: "That the defendant has been requested to relay the tile so as to conform with the contract, plans and specifications, but that it has refused and still refuses to repair or relay more than has already been done. The defendant maintains that the ditch is laid and completed as provided by its contract." There are allegations that the contract price was $222,500; that before discovering that the work had not been done right plaintiff had paid the defendant contractor, on

false and erroneous certificates $220,216.08; that plaintiff believed when the payments were made that the work had been properly done and relied upon the certificates of the engineer which have since proved erroneous.

The liquidated damages are clearly intended to cover the damages for failure to deliver within the stipulated time a ditch which substantially functions as a drainage system. It was never intended to cover a case where because of a defect in some small branch that branch did not properly drain or where on account of negligent or improper laying of the tile the use of the drainage system develops conditions which impair its intended efficiency. There is no allegation as to what extent the drainage system failed to carry off the water or for what period. If, when the job was supposed to be finished, the drainage intended was had, the penalty for delay was at an end. The same would be true if there was a partial failure only, for the liquidated damages must be construed, at least when the county brings the suit, as accruing from a total failure to have the full drainage contracted for, and not from a partial failure of the system to function from a negligent construction. The demurrer to the cause of action for liquidated damages should have been sustained.

Appellants contend that the complaint states facts to which G. S. 1923, § 6691, applies and affords the only remedy for the failure to properly perform a drainage job. If that be so, the demurrer should have been sustained, for no resale or reletting of the unfinished part of the contract is alleged as called for by that statute, which must be considered a part of the contract and bond. Appellants cite cases involving construction contracts containing provisions authorizing the one who lets the contract to oust the contractor and cause the contract to be completed, upon the contractor's failure to do the work properly or in time, and then charge the cost thereof to the contractor, wherein it has been held that, in order to recover the resulting damages, it is necessary to cause the job to be completed, since that is the only way to ascertain the damages contemplated by the contract in case of a breach. Hunt v. Oregon Pac. Ry. Co. (C. C.) 36 F. 481; American Sur. Co. v. Woods (C. C. A.)

105 F. 741; American Bonding Co. v. U. S. (C. C. A.) 167 F. 910; U. S. v. Axman, 234 U. S. 36, 34 Sup. Ct. 736, 58 L. ed. 1198; Long v. American Sur. Co. 23 N. D. 492, 137 N. W. 41.

But plaintiff claims, and rightly in the opinion of the writer, that the allegations of the complaint do not bring the case within § 6691. There are averments going to show that the job was understood to have been completed, accepted and practically the whole contract price paid. There could not have been such large payments made unless the engineer had certified to a completion. There is no claim of fraud on the part of the engineer. True, there are so many specifications of negligence in respect to the laying of the tile and the estimated cost of relaying the same is such a large sum, more than half of the original contract, that it may be claimed that there has not been a substantial completion. But the practice of overestimating in pleadings the defects for which damages are claimed and averring damages so high that there should not be the remotest danger of loss to the client by the possibility of the proof going beyond the averment is so well known that too much weight should not be placed on such exaggerations.

However, accepting respondent's theory that the cause of action is only for damages for negligent construction discovered after the job had been accepted and practically all paid for, we still are of the opinion that the demurrer should have been sustained. The capacity in which plaintiff acts in drainage undertakings should be kept in mind. It is not the proprietor of a drainage system. The damages resulting from a breach of the contract for the construction thereof do not go to the county. The county is merely the governmental agency charged with the duty of carrying out the undertaking. It ought to see to it that contracts for drainage construction are performed promptly and according to its terms. Therefore, where defects are discovered after acceptance and payment, the county should speedily remedy them itself or cause it to be done by entering a contract therefor. The cost or obligation thus incurred would accurately measure the damages recoverable for the negligent or defective construction.

The county suffers no damages unless and until it repairs the defects in the contractor's work or obligates itself therefor, and gives or secures to the real beneficiaries the drainage called for by the contract. When it does this, no uncertainty or conjecture will remain as to the damages recoverable. The pleading in the view of plaintiff's legal situation does not show that a cause of action for damages for negligent construction has yet accrued.

The orders are reversed.

The Chief Justice did not sit.