**SOUTHWEST ENGINEERING COMPA-NY, a Missouri Corporation,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 17795.**

United States Court of Appeals
Eighth Circuit.

March 1, 1965.

John C. Crow, of Lincoln, Haseltine, Keet, Forehand & Springer, Springfield, Mo., made argument for the appellant and filed brief with Horace S. Haseltine, of Lincoln, Haseltine, Keet, Forehand & Springer, Springfield, Mo.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., made argument for the appellee and filed brief with F. Russell Millin, U. S. Atty., Kansas City, Mo.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff Southwest Engineering Company, hereinafter called Southwest, has appealed from summary judgment dismissing its complaint against the United States for recovery of $8,300 withheld as liquidated damages for delay in performance on four construction contracts entered into between Southwest and the United States.

This appeal is before us upon an agreed statement of the record. Four contracts entered into between Southwest and the Government called for the construction by Southwest of three V. O. R. radio facilities at Readsville, Blackwater, and Maryland Heights, Missouri, and for a high intensity approach light lane at Lambert Field, Missouri. Each of the contracts fixed a completion date and provided for liquidated damages on a per diem basis for each day's delay beyond the agreed completion date. The agreed liquidated damage on the Lambert Field project was $100 per day, and $50 per day on each of the other projects. Each contract contained the general provisions set forth in Standard Form 23–A (March 1953) prescribed by the General Services Administration, including, among others, a provision that plaintiff was not to be charged with delays "due to unforeseeable causes beyond the control and without the fault or negligence of the Contractor, including, but not restricted to, acts of God, or of the public enemy, acts of the Government, in either its sovereign or contractual capacity, acts of another contractor in the performance of a contract with the Government, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, and unusually severe weather, or delays of subcontractors or suppliers due to such causes." Within ten days from the beginning of any such delay, plaintiff was to notify the contracting officer in writing of the causes of delay. The contracting officer was to ascertain the facts and extent of the delay, and extend the time for completing the work when "in his judgment the findings of fact justify such an extension." His findings of fact were to be final, subject only to appeal to the "head of the department."

The Blackwater project was completed 97 days late. Plaintiff requested time extensions, alleging the delay resulted from causes for which it was not responsible, including acts and omissions of defendant. Administrative appeals resulted in extensions by the C.A.A. because of delays by the Government, and, later on, a remission of an additional $4,200 liquidated damages by the Comptroller General under the authority of 41 U.S.C. § 256a, because of late delivery of Government-furnished material. This left $550 (11 days) withheld as liquidated damages on the Blackwater project.

The Readsville project was completed 84 days late. Administrative appeals resulted in a three-days extension, leaving liquidated damages for 81 days totalling $4,050.

The Maryland Heights project was completed 48 days late. On administra-

tive appeal, a fourteen-days extension was allowed resulting in liquidated damages of $1,700 for 34 days delay.

The Lambert Field project was completed 54 days late, 34 days extension was granted, leaving $2,000 as liquidated damages for 20 days delay.

The parties stipulated "although each project was not completed until after the date prescribed in its contract, defendant suffered no actual damage on any project." The Government withheld the liquidated damages for delays provided in the contracts after giving credit for the extensions of time administratively allowed. This suit by Southwest is for recovery of the $8,300 so withheld as liquidated damages. The Government counterclaimed for the liquidated damages here involved. Plaintiff by reply admitted the projects were not completed within the time limits as administratively extended but denied the Government was entitled to liquidated damages because the Government caused and contributed to the delays and because the Government suffered no actual damages.

The trial court determined that the Government was entitled to liquidated damages in the amount claimed, offset such damages which equaled the amount of payments withheld, sustained the motion for summary judgment, and dismissed the complaint.

Southwest as a basis for reversal urges the trial court's decision was induced by two erroneous views of the law, either of which requires reversal. The points relied upon for reversal are thus stated:

1. "The court erred in awarding the Government liquidated damages because the Government, in order to enforce a contract provision for liquidated damages for delay, must not cause or contribute to such delay, and if the Government does cause or contribute to such delay, it cannot assess liquidated damages."

2. "The court erred in awarding the Government liquidated damages because a contract provision for liquidated damages is clearly a penalty and not enforceable where the party seeking to enforce it formally admits he sustained no actual damage."

■ At the outset, we observe that the contracts here involved were entered into pursuant to federal law by an authorized federal agency. Federal law controls in the construction and determination of rights under federal contracts. Priebe & Sons, Inc. v. United States, 332 U.S. 407, 411, 68 S.Ct. 123, 92 L.Ed. 32; Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; United States v. Le Roy Dyal Co., 3 Cir., 186 F.2d 460, 461.

In the Priebe case, the Supreme Court states:

"It is customary, where Congress has not adopted a different standard, to apply to the construction of government contracts the principles of general contract law. United States v. Standard Rice Co., 323 U.S. 106, 111, [65 S.Ct. 145, 147, 89 L.Ed. 104] and cases cited. That has been done in other cases where the Court has considered the enforceability of 'liquidated damages' provisions in government contracts." 332 U.S. 407, 411, 68 S.Ct. 123, 125.

■ Southwest's first point, to the effect that the Government is not entitled to liquidated damages because it caused or contributed to the delay, is without merit. It is true that in the administrative appeals a finding was made that some of the delay was caused by the Government and that some other delays were excusable. No damages were withheld for excusable delays as administratively determined. In rejecting a similar contention, the Supreme Court in Robinson v. United States, 261 U.S. 486, 488, 43 S.Ct. 420, 421, 67 L.Ed. 760, states:

"The fact that the government's action caused some of the delay presents no legal ground for denying it compensation for loss suffered wholly through the fault of the contractor. Since the contractor agreed to pay at a specified rate for each day's

delay not caused by the government, it was clearly the intention that it should pay for some days' delay at that rate, even if it were relieved from paying for other days, because of the government's action. * * "

See Wells and Wells, Inc. v. United States, 8 Cir., 269 F.2d 412, 415; Union Paving Co. v. United States, 115 F.Supp. 179, 126 Ct.Cl. 478.

United States v. United Eng'r & Contracting Co., 234 U.S. 236, 34 S.Ct. 843, 58 L.Ed. 1294, relied upon heavily by Southwest, is clearly distinguishable as pointed out by the Supreme Court in Robinson, where it said:

"The case is wholly unlike United States v. United Engineering Co., 234 U.S. 236 [34 Sup.Ct. 843, 58 L. Ed. 1294] upon which claimant relies. The question there was one of construction. The lower court found, as a fact that, but for the government's action, the work would have been completed within the contract period, and this court construed the provision for liquidated damages as not applicable to such case. Here the question is not properly one of construction." 261 U.S. 486, 489, 43 S.Ct. 420, 421.

■■ The trial court found upon review of the administrative record that the findings there made with respect to excusable delays were supported by substantial evidence and were entitled to be upheld upon the basis of the teaching of United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652. We agree.

Southwest's second point in substance is that the parties' stipulation that the Government suffered no actual damage bars any recovery of liquidated damages. Such stipulation was made. It relates to the situation as it existed at the time of the completion of the work. The stipulation does not go to the extent of agreeing that the parties at the time of contracting did not reasonably contemplate that damages would flow from a delay in performance.

The contracts prescribe the payments to be made for delays as liquidated damages. Southwest urges that such provision is a penalty provision. The agreed record is highly condensed and does not show the contract price for the various projects, but such projects appear to be substantial. There is no showing that the liquidated damages for delay provided for are beyond damages reasonably contemplated by the parties at the time of the contract.

■ Two requirements must be considered to determine whether the provision included in the contract fixing the amount of damages payable on breach will be interpreted as an enforceable liquidated damage clause rather than an unforceable penalty clause: First, the amount so fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach, and second, the harm that is caused by the breach must be one that is incapable or very difficult of accurate estimation. See J. D. Street & Co. v. United States, 8 Cir., 256 F.2d 557, 559; United States v. Le Roy Ryal Co., supra; Restatement, Contracts § 339.

■ Whether these requirements have been complied with must be viewed as of the time the contract was executed rather than when the contract was breached or at some other subsequent time. Courts presently look with candor upon provisions that are deliberately entered into between parties and therefore do not look with disfavor upon liquidated damage stipulations. Rex Trailer Co. v. United States, 350 U.S. 148, 151, 76 S.Ct. 219, 100 L.Ed. 149; Priebe & Sons, Inc. v. United States supra; United States v. Bethlehem Steel Co., 205 U.S. 105, 119, 27 S.Ct. 450, 51 L.Ed. 731; Sun Printing & Publishing Ass'n v. Moore, 183 U.S. 642, 660, 22 S.Ct. 240, 46 L.Ed. 366.

In the Bethlehem Steel case, the Court sets out the standard to be applied for determining whether a liquidated damage provision can be upheld as follows: "The question always is, What did the parties intend by the language used? When such intention is ascertained it is

ordinarily the duty of the court to carry it out." 205 U.S. 105, 119, 27 S.Ct. 450, 455.

Here Southwest has failed to establish that the intention of the parties was to do anything other than execute a valid liquidated damage provision.

Priebe & Sons, Inc. v. United States, supra, involved a Government contract for purchase of dried eggs for foreign shipment. The Court observes the contract contains two provisions for liquidated damages. The one involved in the case related to failure to have eggs inspected and ready for delivery for the date specified in the order. The court construed the contract to mean that performance was not due until demand for delivery and held that since inspection was made before such demand, the provision for liquidated damages could not possibly be a reasonable forecast of just compensation for breach of contract. The Court further observes that the contract contains a provision for liquidated damages for delay in delivery upon demand and with respect to such provision, breach of which was not involved, states: "It likewise is apparent that the only thing which could possibly injure the Government would be failure to get prompt performance when delivery was due. We have no doubt of the validity of the provision for 'liquidated damages' when applied under those circumstances." 332 U.S. 407, 412, 68 S.Ct. 123, 126.

The Court also speaks of standards applicable to allowance of liquidated damages, stating:

"Today the law does not look with disfavor upon 'liquidated damages' provisions in contracts. When they are fair and reasonable attempts to fix just compensation for anticipated loss caused by breach of contract, they are enforced. * * * They serve a particularly useful function when damages are uncertain in nature or amount or are unmeasurable, as is the case in many government contracts. * * * And the fact that the damages suffered are shown to be less than the dam-

ages contracted for is not fatal. These provisions are to be judged as of the time of making the contract." 332 U.S. 407, 411–412, 68 S.Ct. 123, 126.

In Rex Trailer Co. v. United States, supra, recovery was allowed upon the statutory penalty imposed for fraud in obtaining a Government contract. The Court states: "Liquidated-damage provisions, when reasonable, are not to be regarded as penalties, * * *" 350 U.S. 148, 151, 76 S.Ct. 219, 221. And then says:

"The Government's recovery here is comparable to the recovery under liquidated-damage provisions which fix compensation for anticipated loss. As this Court recognized in Priebe & Sons v. United States, 332 U.S. 407, 411–412, [68 S.Ct. 123, 126, 92 L.Ed. 32] liquidated damages 'serve a particularly useful function when damages are uncertain in nature or amount or are unmeasurable, as is the case in many government contracts. * * *' And the fact that no damages are shown is not fatal." 350 U.S. 148, 153, 76 S.Ct. 219, 222.

In United States v. J. D. Streett & Co., E.D.Mo., 151 F.Supp. 469, 472, Judge Harper, in upholding a claim for liquidated damages, states:

"Although it is clear that a finding that a provision is one for liquidated damages requires that damages could be anticipated at the time of execution of the contract, whether actual damage did or did not occur or was not proved to have occurred does not prevent recovery."

We affirmed upon appeal. J. D. Streett & Co. v. United States, 8 Cir., 256 F.2d 557.

The late Judge Goodrich in United States v. Le Roy Dyal Co., supra, in a well-considered opinion dealing with numerous aspects of the liquidated damage issue, states:

"If a provision for liquidated damages is upheld the fact that actual damage did or did not occur or was

not proved to have occurred does not prevent the recovery of the stipulated sum. There is some dissent on this point, but the statement just made represents the great weight of decided cases." 186 F.2d 460, 462.

In Frick Co. v. Rubel Corp., 2 Cir., 62 F.2d 765, 768, the late Judge Learned Hand allowed liquidated damages, stating inter alia:

"My brothers think, though I do not, that evidence as to the *actual* loss was not material to the issue of the losses in *contemplation,* though we all agree that it is the comparison of the liquidated damages with the last, not the first, which can raise the point at all."

25 C.J.S. Damages § 115d; 15 Am. Jur., Damages, § 263, and 34 A.L.R. 1336, 1341, and supporting cases cited in such authorities, indicate that the majority view is that proof of actual damages is not required to sustain an action for liquidated damages, unless the contracts so provide, at least in situations where damages could reasonably be anticipated at the time of contracting.

We recognize that there are cases, including Massman Const. Co. v. City Council of Greenville, 5 Cir., 147 F.2d 925, Rispin v. Midnight Oil Co., 9 Cir., 291 F. 481, 34 A.L.R. 1331, and Northwest Fixture Co. v. Kilbourne & Clark Co., 9 Cir., 128 F. 256, cited by Southwest, which reach a contrary result.

■ We believe that the cases holding that the situation existing at the time of the contract is controlling in determining the reasonableness of liquidated damages are based upon sound reasoning and represent the weight of authority. Where parties have by their contract agreed upon a liquidated damage provision as a reasonable forecast of just compensation for breach of contract and damages are difficult to estimate accurately, such provision should be enforced. If in the course of subsequent developments, damages prove to be greater than those stipulated, the party entitled to damages is bound by the liquidated dam-

age agreement. It is not unfair to hold the contractor performing the work to such agreement if by reason of later developments damages prove to be less or nonexistent. Each party by entering into such contractual provision took a calculated risk and is bound by reasonable contractual provisions pertaining to liquidated damages.

■ Southwest has completely failed to demonstrate that the court committed an error of law in determining that absence of actual damages at the time of breach of the contract or thereafter does not bar recovery of liquidated damages. The court at least impliedly found that the liquidated damage provisions of the contracts here involved were reasonable when viewed in the light of circumstances existing at the time the contract was entered into. We find nothing in the record which would compel a contrary conclusion. The court committed no error in allowing liquidated damages.

The judgment appealed from is affirmed.