GORSUCH, J., Circuit Judge,
concurring in part and dissenting in part.
I fully concur in the court’s conclusion that Metric failed to adduce sufficient evidence about the value of the roof warranties Belt Con failed to supply. As the court notes, under California law a party must establish proof of damages with competent evidence affording “reasonable certainty.” Caminetti v. Manierre, 23 Cal.2d 94, 142 P.2d 741, 745 (1943). In this case, however, the only evidence Metric proffered was hearsay, the credibility of which the district court understandably found insufficiently reliable.
The court proceeds, however, to offer an additional basis for rejecting Metric’s roof warranty claim, holding that Metric was required as a matter of law to demonstrate GSA was likely to hold it liable for work subject to Belt Con’s (unproduced) warranties. But it is far from clear that California law holds insurance contracts to lack any recoverable value until and unless a claim under them is made or probable; indeed, such a conclusion appears at odds with the California Supreme Court’s decision in Caminetti[1] In any event, I see no need to reach such a legal holding, given Metric’s failure to adduce any competent evidence whatsoever of the warranties’ value.
On the separate question of liability for delays, the parties before us, as well as the district court, recognized that there are two potential bases for holding Belt Con liable for delays it caused the project. First, Belt Con could be held liable under a contractual provision providing that a subcontractor would be responsible for delays allocated to them by Metric so long as the allocation was “made in good faith.” Aplt.App. at 139-140. And second, Belt Con could be held liable as a matter of California law. The district court held that Metric did not allocate delays in “good faith,” and therefore proceeded to consider whether, as a matter of law, it could perform the allocation itself. It held it could not, concluding that the delays at issue were concurrent, not sequential, and that California law did not permit the allocation of concurrent delays.
Like the court today, I find the district court did not clearly err in concluding that Metric did not allocate delays in good faith and in finding that the delays were concurrent and not sequential. Unlike the court, however, I do not think these dual deter *161 minations end the matter. There remains the question whether California law permits the court to allocate concurrent delays. The court concludes that the reasoning of Nomellini, a 1971 case from the California Court of Appeals, “suggests that California would not apportion concurrent delays,” but that “such a determination is unnecessary” for its present analysis. Maj. Op. at 158-59 (citing Nomellini Constr. Co. v. California, 19 Cal.App.3d 240, 246, 96 Cal.Rptr. 682 (1971)). With respect to my colleagues, I believe such a determination, one way or the other, is necessary to resolve this case — otherwise we are left with a conclusion by the court that delays were concurrent, but no explanation why those delays cannot be apportioned.
Moreover, I read California law as permitting the allocation of concurrent delays of the type encountered in this case. No-mellini suggests as much, where the court stated that:
categorical statements that where delays are caused on both sides there is no way to ‘apportion damages’ are an absurdity.... Quantum of delay in terms of time is all that is being apportioned. That is an uncomplicated fact finding process. That is what courts are for.
19 Cal.App.3d at 246, 96 Cal.Rptr. 682. While I can envision a case in which delays attributable to distinct parties are so intertwined that it is impossible to separate them meaningfully, this is not such a case. Both parties presented experts that did apportion the delays attributable to Belt Con — the experts differed only as to the number of attributable days of delay, and neither party argued to the district court that apportionment of delays was an impossibly complicated task. And if the fact finding in this case was not impossibly complicated for the parties, I fail to see how it was impossibly complicated, as a matter of law, for the court. Indeed, resolution of factually intensive disputes “is what courts are for.” Id. at 246, 96 Cal.Rptr. 682; cf. Robinson v. United States, 261 U.S. 486, 489, 43 S.Ct. 420, 67 L.Ed. 760 (1923) (upholding damage award and stating “[h]ere the fault of the respective parties was not so clearly distributed in time, and it may have been difficult to determine, as a matter of fact, how much of the delay was attributable to each. But the Court of Claims has done so in this case.”).

. In Caminetti, the California Supreme Court faced a case in which holders of noncancella-ble disability insurance policies sought damages from defendants for the fact that their policies were liquidated in a company restructuring. 142 P.2d at 742-43. The defendants argued that the plaintiffs might never suffer damages because they might die before becoming disabled. The Court squarely rejected this argument, noting that "[t]he effect of that argument would be to render wholly valueless the noncancellable feature of the policy, a definite and concrete promise of the insurer.” Id. at 745. It continued "[t]hat the insureds will be damaged in the instant case is clear. They have forever lost the protection against possible loss which was secured to them by their policies. They have lost the chance they had to be specifically benefited by that protection.” Id. at 746. The Court then proceeded to state that die preferred damage award would be to grant the plaintiff damages according to the "replacement rule,” namely the cost of similar insurance from another insurer. Id. at 747.