# J. E. HATHAWAY & COMPANY *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 255. Argued March 19, 20, 1919.—Decided April 14, 1919.

A finding by the Court of Claims that a delay by the Government in approving a contract was reasonable is a finding of ultimate fact, binding upon this court unless made without evidence or inconsistent with other facts found. P. 463.

*Quaere:* Whether unreasonable delay on the part of the Government in approving a contract can entitle the contractor to an extension where the contract fixes a definite date for completion of the work?

*Id.* *District of Columbia* v. *Camden Iron Works*, 181 U. S. 453, distinguished.

A provision for deducting, in addition to an amount fixed as liquidated damages, the expense of superintendence and inspection, in case of failure to complete the work by the time specified, will be enforced when clearly expressed in the contract. P. 464.

A contention that sufficient credit of time was not allowed by the Government to the contractor for extra work *held* not reviewable in this court, it not having been made in the Court of Claims. *Id.*

52 Ct. Clms. 267, affirmed.

THE case is stated in the opinion.

*Mr. George A. King,* with whom *Mr. William B. King* and *Mr. William E. Harvey* were on the brief, for appellant:

Here was a month taken, at the best season of the year for working, simply to obtain record evidence of the authority of the attorney in fact of the surety company to sign the contract. The delay was wholly on the part of the Government. Whether styled "reasonable" or "unreasonable," it was a delay for which the contractor was in no degree responsible. That the delay in signing the contract on the part of the Government was reasonable is, it is submitted, not a finding of fact but a conclusion of law. *United States* v. *Pugh,* 99 U. S. 265; *Sun Insurance Co.* v. *Ocean Insurance Co.,* 107 U. S. 485, 502, 503. Such a conclusion embodied in the findings of fact is not binding in this court.

When the contract was signed by the contractor and the bond executed by a surety company, the contractor had done everything which he could do to enter into a legally binding contract with the Government. To supply the slight defect a telegram should have been sent to the contractor.

The injustice of holding this contractor to a date of completion offered by him on April 29, when he was not

notified of the completion of the contract as a binding obligation of the Government until June 13, is apparent. As soon as the contractor made his bid April 29, 1910, he was bound. *United States* v. *Porto Rico S. S. Co.,* 239 U. S. 88. He was not notified that the contract was awarded to him until May 11, twelve days thereafter. There is no explanation of this delay and no apparent reason for it. *District of Columbia* v. *Camden Iron Works,* 181 U. S. 453, is directly in point. See also *American Dredging Co.* v. *United States,* 49 Ct. Clms. 350; *Ittner* v. *United States,* 43 Ct. Clms. 336; *Little Falls Knitting Mill Co.* v. *United States,* 44 Ct. Clms. 1; *Callahan Construction Co.* v. *United States,* 47 Ct. Clms. 229, 235, 236; *Laidlaw-Dunn-Gordon Co.* v. *United States,* 47 Ct. Clms. 271; *Missouri Valley Bridge & Iron Co.,* 19 Comp. Dec. 712.

*Mr. Assistant Attorney General Frierson* for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The United States solicited sealed proposals for the repair of a revetment in Michigan; and J. E. Hathaway & Company became the successful bidders. Under a contract, dated May 11, 1910, they agreed to complete the work by December 1, 1910. It was not completed until 68 days later. Of this delay the Government conceded that 29 days were attributable to extra work required by it, and 10 more days were not counted against the contractor, being Sundays and holidays. For the remaining 29 days' delay the Government deducted from the contract price $3082; claiming that amount under the provisions for liquidated and other damages. To recover the amount disallowed, J. E. Hathaway & Company brought suit in the Court of

Claims, which denied them relief (52 Ct. Clms. 267); and the case comes here on appeal.

*First.* Claimants contend that they were entitled to an extension of more than these 29 days' time for completing the work; because the contract and bond were delivered by them to the Government May 18, duly executed, but were not approved by the Chief of Engineers until June 9, and notice of approval was not given them until June 13. The origin of this delay was the failure of the surety company to file with the War Department a copy of the vote of its directors giving him who signed the bond as attorney in fact authority so to do. But claimants insist that this omission could have been quickly supplied, if the Government had telegraphed for a copy of the vote, and that practically all the delay was due to its unreasonable failure so to do.

The Court of Claims found: "There was no unreasonable delay on the part of the Government in approving the contract." This finding, like one of reasonable value, *Talbert* v. *United States*, 155 U. S. 45, 46, is a finding of an ultimate fact by which this court is bound, unless it appears that the finding was made without supporting evidence, *Cramp & Sons Co.* v. *United States*, 239 U. S. 221, 232; *Stone* v. *United States*, 164 U. S. 380; *United States* v. *Clark*, 96 U. S. 37, or is inconsistent with other facts found, *United States* v. *Berdan Fire-Arms Co.*, 156 U. S. 552, 573. There is no such lack of supporting evidence or inconsistency here. We have consequently no occasion to determine whether, as was held in *American Dredging Co.* v. *United States*, 49 Ct. Clms. 350, unreasonable delay on the part of the Government in approving a contract for an accepted bid can entitle the contractor to a corresponding extension of time, where a definite date is fixed by the contract for completion of the work. Compare *Monroe* v. *United States*, 184 U. S. 524. The case of *District of Columbia*

v. *Camden Iron Works*, 181 U. S. 453, 461, strongly relied upon by claimants, is clearly distinguishable. There the contract, as interpreted by the court, provided that the work should be completed, not (as here) by a date fixed, but within a certain number of days; and the number of days was to be measured, not from the date of the contract but from "the date of the execution of the contract." What was there decided is merely that under such circumstances it may be "shown that a deed, bond or other instrument was in fact made, executed and delivered at a date subsequent to that stated on its face."

*Second.* Claimants contend also that the Court of Claims erred in allowing, in addition to the sum of $100 a day as liquidated damages, the sum of $182 for the expense of superintendence and inspection. But the contract expressly provided that time should be deemed of the essence and that in case of failure to complete within the time specified "the contractor shall pay, in addition to the liquidated damages hereinbefore specified, all expenses for inspection and superintendence." There is no reason why parties competent to contract may not agree that certain elements of damage difficult to estimate shall be covered by a provision for liquidated damages and that other elements shall be ascertained in the usual manner. Provisions of a contract clearly expressed do not cease to be binding upon the parties, because they relate to the measure of damages. *Wise* v. *United States, ante,* 361.

*Third.* Claimants further contend that the credit of time allowed by the Government on account of the extra work should have been greater. On this matter no issue appears to have been raised below; and it is obviously not open for review here.

The judgment of the Court of Claims is

*Affirmed.*