## JAEGER v. O'DONOGHUE.

Court of Appeals of District of Columbia.
Submitted January 7, 1927. Decided
April 4, 1927.

No. 4490.

Damages ⬤⟶81—Contract allowing vendor double remedy of forfeiting deposit and enforcing performance reduced forfeiture to unlawful penalty and entitled purchaser to recover deposit.

Contract for sale of land, providing for forfeiture of down payment on purchaser's failure to carry out terms, but containing provisions that purchaser was not thereby relieved from obligation to comply with contract, *held* an attempt to give vendor double remedy of forfeiting the deposit and also enforcing specific performance, which reduced the forfeiture to a mere penalty prohibited by law; hence down payment was recoverable by purchaser after unsuccessful attempt of vendor to enforce specific performance.

Appeal from Supreme Court of District of Columbia.

Suit by Patrick O'Donoghue against Mary Jaeger. Decree for plaintiff, and defendant appeals. Affirmed.

W. G. Gardiner, of Washington, D. C., for appellant.

G. E. Sullivan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, O'Donoghue, filed a bill in equity in the Supreme Court of the District of Columbia to enforce specific performance of a contract for the purchase of certain real estate in this District from the appellant, Mary Jaeger. The case came to this court on appeal from a decree of the court below granting specific performance. Here the decree was reversed. Jaeger v. O'Donoghue, 55 App. D. C. 383, 6 F.(2d) 686.

When the court below entered a decree upon the mandate of this court, there was submitted upon agreement of parties the question of the disposition of a $1,000 deposit, which had been paid by O'Donoghue at the time the contract of purchase was executed. The material part of the contract reads as follows:

"Purchaser is required to make full settlement in accordance with above terms of sale within 60 days from this date. If purchaser fails to make full settlement within the time specified, deposit will be forfeited; it being agreed that one-half of said forfeited deposit shall be paid to C. W. Simpson Company, Inc., as compensation for services rendered. In the event of forfeiture of deposit, the purchaser is not relieved from obligation to comply with the terms of sale."

This suit is by O'Donoghue to recover the $1,000 paid on said contract. From a judgment for plaintiff, the present appeal was prosecuted.

Appellant rests her case largely upon the decision of this court in Barnette v. Sayers, 53 App. D. C. 169, 289 F. 567, but the forfeiture clause in that case was different from the one before us. It read as follows: "Terms of sale to be complied with within 30 days from the date of this agreement; otherwise, the deposit may be forfeited at the option of the owner, in which event the purchaser shall be relieved from further liability hereunder, or without forfeiting said deposit the owner may avail himself of any legal or equitable rights which he may have under this contract." This provision was held to be one for liquidated damages; the clause in the contract being alternative, and permitting the vendor either to forfeit the deposit as liquidated damages, or to avail himself of the remedy in equity for the enforcement of specific performance, but he could not do both.

In the present contract it is attempted to give the vendor the double remedy of forfeiting the deposit and also of enforcing specific performance. This reduces the forfeiture of the deposit to a mere penalty, which the law forbids. It is no defense that the court in the former case intimated that the vendor, Jaeger, may have placed herself in position where she could not have maintained specific performance. The court, refusing to consider that point, held that it was not material, since the case turned solely upon the right of the vendee O'Donoghue to enforce specific performance. In other words, he could not justify his failure to at least tender performance of his contract upon the conduct of the defendant vendor. This case likewise must be determined upon the express terms of the contract (District of Columbia v. Harlan & Hollingsworth Co., 30 App. D. C. 270, 279), and not on subsequent events proven in the record, though seeming to lend equity to the claims of defendant.

The decree is affirmed, with costs.