## In re OUTFITTERS' OPERATING REALTY CO., Inc.

## A. W. PERRY, Inc., v. IRVING TRUST CO.
### No. 201.

Circuit Court of Appeals, Second Circuit.
Feb. 13, 1934.

Larkin, Rathbone & Perry, of New York City (Thomas F. Dougherty and Theodore Pearson, both of New York City, of counsel), for appellant.

Beekman, Bogue & Clark, of New York City (John A. McNaughton and Edward K.

Hanlon, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This appeal raises the provability in bankruptcy of the claim of a landlord under a covenant in a lease which read as follows: " * * * For the more effectual securing to the Lessor of the rent and other payments herein provided, it is agreed as a further condition of this lease that the filing of any petition in bankruptcy or insolvency by or against the Lessee shall be deemed to constitute a breach of this lease, and thereupon, ipso facto, and without entry or other action by the Lessor, this lease shall become and be terminated; and, notwithstanding any other provisions of this lease, the Lessor shall forthwith upon such termination be entitled to recover damages for such breach in an amount equal to the amount of the rent reserved in this lease for the residue of the term hereof, less the fair rental value of the premises for the residue of said term." The lessee having become bankrupt, the lessor filed its proof of claim under this clause, which the referee expunged as invalid on its face. The judge affirmed the order and the lessor appealed to this court. Meanwhile the Supreme Court (54 S. Ct. 385, 78 L. Ed. ——) on February 5, 1934, affirmed our decision in Manhattan Properties, Inc., v. Irving Trust Co., 66 F. (2d) 470, and has thus finally settled it that claims for future rent are not ordinarily provable, and can become so, if at all, only by virtue of special clauses. The question here is whether this clause will serve; its possible validity was specifically reserved in the Supreme Court's opinion.

The contingencies which make such claims unprovable go both to the right of action and to the amount. If the lease contains no covenant of the lessee to pay the equivalent of rent in case of re-entry, any future claim is contingent; it can only be for rent, and the lessor may have re-entered and ended the term before it falls due. Such leases are now rare; ordinarily there is some covenant designed to protect the lessor in case of re-entry. A common form, which was that in Re Roth & Appel (C. C. A. 2) 181 F. 667, 31 L. R. A. (N. S.) 270, is to pay on each rent day the difference between the rent reserved and rent received upon any reletting; another is to indemnify the lessor for any loss suffered during the term. The second requires the lessor to wait till the end of the term

(Hermitage Co. v. Levine, 248 N. Y. 333, 162 N. E. 97, 59 A. L. R. 1015); not so the first, under which a separate cause of action arises at the end of each period. But in both kinds it is uncertain at petition filed whether there will be any loss, and that uncertainty is enough to invalidate the claim. The covenant in the lease at bar avoids both these difficulties. It is not contingent in right, because the mere filing of a petition in bankruptcy puts an end to the lease; not at the lessor's option, but unconditionally. It is not contingent in amount, because at petition filed it is at once ascertainable whether there is a loss and what it is. The fact that the amount of that loss is not fixed in advance is immaterial; the standard of appraisal is prescribed; it involves the kind of determination—that is, the present value of real property—with which a bankruptcy court is entirely familiar and which it is competent to make. The argument contra may be stated as follows: If bankruptcy be an anticipatory breach, as it is, then, in a case where the lessee has promised to pay the loss, the promise or the whole series of promises, is repudiated at once. To calculate the damages, as in the case of other anticipatory breaches, the value of the consideration restored,—in this case the land,—will be presently estimated by the best means accessible. The result is exactly the measure to which the parties have themselves agreed in the covenant at bar. If the calculation be too contingent for a bankruptcy claim when there is no covenant, why is there not when there is? This argument loses sight of the real objection to allowing the claim when damages have not been liquidated. That is not because the rule for measuring damages is too vague or uncertain to be manageable in bankruptcy; but that, though it is the best approximation available, it is still only a forecast and a forecast in these circumstances will not do for bankruptcy which is more rigid as to such issues than other proceedings, an action at law, for example. It is the uncertainty in fact of the loss that invalidates the claim; that is not remedied by an approximation which the law will accept in other connections. But when the parties have agreed that the lessee shall pay a sum to be ascertained by an accessible standard, the bankruptcy court is not liquidating a future loss at all; in its place the parties have substituted a promise, which does not look to the future, which is to pay the difference between two amounts presently ascertainable. The only question is whether that promise is lawful, whether it makes a contract, and as to that we have it on the highest authority that it liquidates "the dam-

ages upon a footing familiar and fair." Filene's Sons Co. v. Weed, 245 U. S. 597, 602, 38 S. Ct. 211, 62 L. Ed. 497.

That the occasion was in general apt for the liquidation of damages we need not therefore debate; but there is one doubt that does arise; whether the clause is for a penalty because the future payments are not discounted to their present values. If the lessee must pay at once the sum of a series of installments, each consisting of the difference between the rent reserved on successive rent days, and the estimated rent which will have been received on those days, the recovery will surely be more than compensatory. The present value of such an installment, payable twenty years hence, is very much less than its face. Whether this would invalidate the whole clause under Kothe v. R. C. Taylor Trust, 280 U. S. 224, 50 S. Ct. 142, 74 L. Ed. 382, we need not say, because we think that the lease should not be read in that way. We disregard the earlier canon by which all provisions fixing damages were construed as penalties in cases of doubt; the decisions of the Supreme Court no longer give countenance to that notion; such clauses are construed without bias. U. S. v. Bethlehem Steel Co., 205 U. S. 105, 119, 27 S. Ct. 450, 51 L. Ed. 731; U. S. v. United Engineering & Const. Co., 234 U. S. 236, 241, 34 S. Ct. 843, 58 L. Ed. 1294; Wise v. U. S., 249 U. S. 361, 365, 366; 39 S. Ct. 303, 63 L. Ed. 647; Hathaway & Co. v. U. S., 249 U. S. 460, 464, 39 S. Ct. 346, 63 L. Ed. 707. So approached, the clause seems to us to admit of a construction in accordance with its patent general purpose to give the lessor indemnity and no more. The damages as liquidated consist of the difference between two amounts each stated as single. The minuend is "the amount of the rent reserved," not the sum of the installments of rent; the subtrahend is "the fair rental value of the premises," again a single sum, and this time phrased as though the term was to be valued like a fee. Of course people do not so value terms, at least ordinarily; they appraise them by the periodic rents obtainable. Probably that was all that was intended here also, but it does not follow that the "rental value of the premises" must be taken by adding the full face of all the estimated future installments. Were a lease to be sold nobody would think of valuing it so; he would discount the future payments. The meaning is indeed doubtful, but as we are not bound to view the language with a hostile eye, we shall construe it to save the clause, and we therefore hold that the proper measure of damage is the sum of the discounted series of installments, each made up of the rent reserved, less the fair rental value for that period. We need not therefore decide whether if future installments were payable at their face the clause would be void as a penalty.

Order reversed; claim remanded for liquidation in accordance with the foregoing.