**DAVY et al. v. CRAWFORD et al.**

No. 8800.

United States Court of Appeals
District of Columbia.

Argued Jan. 24, 1945.

Decided Feb. 19, 1945.

Mr. Raymond F. Garrity, of New York City, with whom Messrs. Walter R. Schoenberg and Elmer E. Cummins, both of Washington, D. C., were on the brief, for appellants.

Mr. Milton Conn, of Washington, D. C., with whom Mr. George J. Boden, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

This is an appeal from a decree that the plaintiffs below recover $640 deposited under the terms of a combination lease and installment contract to purchase a home. Defendants had retaken possession of the property for failure to make the stipulated monthly payments and claimed the right to retain the deposit either as liquidated damages or as compensation for entering into the contract. The court held that the provisions in the contract permitting the defendants to retain this deposit were void as

a penalty. The judgment of the court is clearly correct and will be affirmed.

■ This court has held that the parties to a contract may agree in advance to a sum certain which shall be forfeited as liquidated damages for breach of the contract without reference to the actual damages found at the time of the breach.[1] But if such an agreement is for a penalty it is void. In order to determine whether or not the provision should be construed as a penalty the contract must be construed as a whole[2] as of the date of its execution.[3] If under the circumstances and expectations of the parties existing at the time of execution it appears that the provision is a reasonable protection against uncertain future litigation the provision will be enforced even though no actual damages were proved as of the date of the breach.[4] If, on the other hand, it appears that the stipulation is designed to make the default of the party against whom it runs more profitable to the other party than performance would be, it will be void as a penalty.[5] Thus, damages stipulated in advance should not be more than those which at the time of the execution of the contract can be reasonably expected from its future breach, and agreements to pay fixed sums plainly without reasonable relation to any probable damage which may follow a breach will not be enforced.[6]

■ In the light of these principles we will examine the contract before us. Appellants admit that they wished to sell and appellees wished to buy the property in question. But in form the contract is a lease of a dwelling house with an option to purchase at a set price. The tenant unconditionally agrees to pay $5,184 over a period of eight years in monthly installments of $54. In the event he exercises his option to purchase, these installments are credited on principal and interest of the purchase price. If he does not exercise the option they are treated as rent.

In addition, a down payment of $640 is required and stated to be compensation for the option to purchase and also liquidated damages for failure to exercise it. But the down payment may also be forfeited if the landlord repossesses himself of the property for breach of any covenant in the so-called lease. These covenants are so strictly drawn that the slightest slip on the part of the tenant will cause him to lose his entire equity, assuming the contract can be enforced as it is written. For example, the landlord may retake possession if any installment of rent is late for any reason whatever. No demand need be made or notice given. The landlord may also retake the property for failure to pay gas, electric or water bills when due, for failure to keep the property in good condition, and for other reasons. In such cases no notice to quit is required and the breach itself is treated as a notice to quit. Repossession under any of these circumstances not only forfeits the down payment but all other valuable interest in the option to purchase which the tenant-purchaser may have built up by payments over a period of years. Under these circumstances a minor and insubstantial default on the part of the tenant would become highly profitable to the landlord, if the contract were valid as drawn.

Other provisions in the contract emphasize its unconscionable and overreaching character. For example, if the leased property is taken by eminent domain the tenant loses his entire interest and is entitled to no part of the award regardless of his equity in the property (though in such a case he does get back his $640 deposit). But if the tenant becomes bankrupt or has a receiver appointed he not only loses his entire interest in the property to his landlord but also forfeits the $640 down payment. And finally, the tenant is not even permitted to record his agreement. This is on the theory that such record interest in the property might be inconvenient to the landlord in effecting some of the methods of seizure provided in the contract.

■ Our decision involves no denial of the right of a landlord or seller of real estate to reimbursement from a deposit re-

[1] District of Columbia v. Harlan & Hollingsworth Co., 1908, 30 App.D.C. 270.

[2] Ibid.

[3] Barnette v. Sayers, 1923, 53 App.D.C. 169, 289 F. 567.

[4] United States v. Bethlehem Steel Co., 1907, 205 U.S. 105, 27 S.Ct. 450, 51 L.Ed. 731.

[5] See Jaeger v. O'Donoghue, 1927, 57 App.D.C. 191, 18 F.2d 1013.

[6] See Barnette v. Sayers, supra note 3; 3 Williston, Contracts (Rev. Ed., 1936), § 779.

quired to protect him for damages actually incurred. The court below found that there was no actual damage from the default in this case. Appellees have paid fourteen installments of $54.00. The additional forfeiture of the deposit would give the owner an amount which would raise a serious question of usury had the contract been an absolute sale. While the admitted intention of the parties here is a sale of the property, the form of the contract is a lease with an option to purchase. Hence the usury laws do not apply. But the widespread use of this device as a means of selling real estate suggests the need of legislation to protect installment purchasers of houses against extortionate penalties for default.

Affirmed.