Ian WOODNER, Plaintiff,

v.

Julius SANKIN and Joseph A. Garfield, Defendants.

Civ. A. No. 878.

United States District Court
District of Columbia.

Oct. 19, 1960.

James M. Earnest and James D. Newton, Washington, D. C., for plaintiff.

Arthur M. Chaite, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

The defendants move to dismiss the complaint at the close of the plaintiff's case. It appears from the evidence introduced in his behalf that the plaintiff, Ian Woodner, acting through an agent, Woodner remaining at the beginning as an undisclosed principal, entered into an

option agreement on October 9, 1957, with the defendants, by which the defendants granted an option to the plaintiff to purchase certain real property located at the corner of Connecticut Avenue and Legation Street, in Washington, D. C., on or before November 1, 1957, at the purchase price of $325,000, payable within 90 days after the exercise of the option. The plaintiff elected to exercise the option and paid a total sum of $50,000 towards the purchase price.

On November 18, 1957, the contract was modified in certain respects in a letter written by the plaintiff's agent to the defendants. Paragraph 6 of the modification provided as follows:

"In the event I do not complete this transaction within the 90-day period commencing November 1, 1957, then you will retain the $40,000 heretofore paid on account of the purchase as liquidated damages, and all further obligations between the parties shall be of no further force and effect whatsoever."

Later by a supplemental agreement the plaintiff's time to make payments for the property was extended by 15 days.

It is undisputed that the plaintiff, apparently finding himself unable to finance the project or for some other reason, did not make the payments required by the agreement. On February 25, 1958, the defendants, in a formal letter, terminated the plaintiff's rights under the agreements. This suit is brought to recover back the $50,000 deposit paid by the plaintiff toward the purchase price of the property.

■■ It is contended in behalf of the plaintiff, first, that the modification of the original option agreement, this modification for the first time bringing in a provision that in case of plaintiff's failure to perform, the defendants might retain the amount theretofore paid on account of the purchase price as liquidated damages, is lacking in consideration and is *nudum pactum*. In respect to this argument it might be said first, that there is authority for the proposition that a modification of

a valid contract, if the contract is made for a valuable consideration, does not require a new consideration. But entirely aside from this circumstance, the Court is of the opinion that there is a consideration for the agreement in respect to liquidated damages, because the paragraph of the modification of the original agreement which refers to liquidated damages also provides that all further obligations between the parties shall be of no further force and effect whatsoever. In other words, the defendants were surrendering their right to recover actual damages in the event of any future breach of contract, in exchange for the agreement that the money theretofore paid should be treated as liquidated damages in case of breach. A covenant not to sue, even if made prior to a breach, is obviously good consideration for a promise made in exchange for it.

■■ The next and perhaps the principal contention made in behalf of the plaintiff is that the sum of $50,000 is so disproportionate and large as to amount to a penalty instead of liquidated damages, and therefore the forfeiture should be set aside. Manifestly it is hardly necessary to repeat that equity abhors a forfeiture. Liquidated damages in an amount that has no bearing and no relation to the actual damages suffered, and in an amount that is conceivably larger than any actual damages that are likely to be sustained, may be deemed to be a penalty and a penalty is not enforceable. The principles governing these matters were enunciated by the Court of Appeals for the District of Columbia Circuit in Davy v. Crawford, 79 U.S.App.D.C. 375, 376, 147 F.2d 574, 575. In that case the Court said:

"This Court has held that the parties to a contract may agree in advance to a sum certain which shall be forfeited as liquidated damages for breach of the contract without reference to the actual damages found at the time of the breach. But if such an agreement is for a penalty it is void. In order to determine whether or not the provision should

be construed as a penalty the contract must be construed as a whole as of the date of its execution. If under the circumstances and expectations of the parties existing at the time of execution it appears that the provision is a reasonable protection against uncertain future litigation the provision will be enforced even though no actual damages were proved as of the date of the breach. If, on the other hand, it appears that the stipulation is designed to make the default of the party against whom it runs more profitable to the other party than performance would be, it will be void as a penalty."

■■ To be sure at first blush the sum of $50,000 seems like a very large sum to constitute liquidated damages. But we are dealing here with a contract involving $325,000. This amount was later increased by $5,650. It appears from the agreements and the testimony that the defendants incurred expenses in securing the preparation of plans and specifications for an apartment house of the elevator type to be erected on the premises. It is common knowledge that the preparation of such plans and specifications involves large fees for architects and draftsmen. It further appears that a permit for the erection of the building was procured from the proper authorities of the District of Columbia by the defendants. The preparation of the various applications involved and the fees payable to the District of Columbia may require considerable expense. Then the defendants procured a commitment for a loan to finance the building project. That step, too, involved a considerable expense, no doubt, for lawyers' fees, possibly brokers' commissions, and so forth. It was entirely conceivable that all these expenses might have gone for naught in the event of the plaintiff's failure to perform his contract. Under the circumstances it does not seem to the Court that the amount of $50,000 is so excessive as to constitute a penalty. The mere fact that some of these items could be used in connection with a subsequent purchaser,

if such a purchaser were obtained, of course does not bear upon the right of the defendants to retain the deposit. The defendants' rights must be adjudicated either as of the date of the making of the contract or as of the date of the breach. So, too, it is necessary to note that there is no overreaching here. Both parties are businessmen of experience. We are not dealing with an ignorant, poor person on one side and a shrewd businessman on the other side.

In view of these considerations, the Court sees no alternative but to grant the defendants' motion to dismiss the complaint, for failure to make a *prima facie* case. You may submit a judgment in proper form.