Bernard Lyon **FRISHMAN**, Plaintiff,

v.

Mildred M. **STONEBRAKER**, Defendant.

Civ. A. No. 2142–66.

United States District Court
District of Columbia.

Jan. 9, 1969.

Stanley Klavan, Washington, D. C., for plaintiff Frishman.

Seymour Friedman, Washington, D. C., for defendant Stonebraker.

MEMORANDUM

GESELL, District Judge.

This is an action for balance due on a promissory note and for a declaratory judgment. The parties have stipulated the facts and various agreements and correspondence between them were received by consent.

The note was executed on June 26, 1963, for the principal sum of $39,642.20, with interest at six percent. The pertinent provisions of the note read as follows:

"Said principal and interest payable in monthly installments of FIVE HUNDRED FIFTY Dollars ($550.00), with the privilege of making larger payments in any amount, commencing July 1st, 1963, and thereafter on the 1st day of each and every month until paid; each installment, when so paid, to be applied: first, to the payment of the interest on the amount of principal remaining unpaid, and the balance thereof credited to the principal. It being understood and agreed that the first six (6) monthly installments are to be paid in cash by maker, and thereafter by payee deducting the amount of such monthly installment from the monthly rental due to maker by payee under a certain Agreement of Lease dated March 22, 1963, relative Lot 852 in Square 107 improved by premises known as 1835 K Street, N.W. in the District of Columbia; provided, however, that in the event of default under the aforementioned Agreement of Lease, the balance then remaining unpaid on this promissory note at date of such default shall be deemed as canceled and paid in full.

"And it is expressly agreed that if default be made in the payment of any one of the aforesaid installments when and as the same shall become due and payable, within the first six monthly installments, then and in that event, the unpaid balance of the aforesaid principal sum and accrued interest shall at the option of the holder hereof at once become and be due and payable,

and in such event the maker, and endorsers, if any, waive presentment for payment, protest for non-payment and notice of dishonor, and maker, and endorser, if any, agree to pay all costs of collection, including reasonable attorney's fees."

The bare outline of the transactions, of which the note is an integral part, appears clearly from the stipulated facts. In brief, plaintiff sought the opportunity to develop defendant's property at 1835 K. Street, N.W. He had in mind either remodeling the existing structure or razing it and constructing a new office building. The existing structure was rented at the time to others and defendant was receiving rental payments. There was a first trust on the existing structure. Plaintiff sought a ninety-nine-year non-subordinated ground lease. Plaintiff was anxious to remove the first trust as a necessary condition precedent to obtaining a construction loan so that he might go forward with remodeling or new construction. A detailed lease dated March 22, 1963, consisting of some 30 pages, was negotiated between the parties. Paragraph 5 of the lease contained a provision under which plaintiff agreed to advance to defendant a sum sufficient to pay off the full balance outstanding on the existing first trust. The lease also set out the terms of the note here in issue and expressly stated:

"In the event, however, of a default under this lease by tenant as provided hereinafter, in addition to any other rights and remedies which landlord may possess with respect to such default, the entire balance of this advance remaining uncompleted at the date of such default and the promissory note evidencing the same shall be regarded and treated as cancelled and paid in full."

Plaintiff's payments under the lease were in default and after adequate notice without waiving other rights she might have, defendant, as landlord under the lease, declared the note cancelled and paid in full on January 5, 1965. No payments were made on the note after

payment made and due on November 25, 1964, for the month of December, leaving a balance due of $32,802.83. Plaintiff asks a judgment with interest from January 1, 1965, and a declaratory judgment as to future payments due.

It is plaintiff's contention that by preserving her other rights defendant's forfeit of the balance due constituted a penalty or fine inasmuch as the amount forfeited was not a just or reasonable estimate of the injury or damages caused by the harm. It is further argued that the parties never intended the provision to be one for liquidated damages since the term "liquidated damages" was never used and that since the right to cancel was available even in the case of a trivial breach without regard to the amount still owing, the provision is in reality "an in terrorem device to secure compliance by plaintiff."

█ The standard to be applied in determining whether the provision was a provision for liquidated damages and thus to be enforced or a penalty and hence void is set out in Davy et al. v. Crawford, et al., 79 U.S.App.D.C. 375, 147 F.2d 574 (1945). There a unanimous Court stated the rule as follows:

"This court has held that the parties to a contract may agree in advance to a sum certain which shall be forfeited as liquidated damages for breach of the contract without reference to the actual damages found at the time of the breach. But if such an agreement is for a penalty it is void. In order to determine whether or not the provision should be construed as a penalty the contract must be construed as a whole as of the date of its execution. If under the circumstances and expectations of the parties existing at the time of execution it appears that the provision is a reasonable protection against uncertain future litigation the provision will be enforced even though no actual damages were proved as of the date of the breach. If, on the other hand, it appears that the stipulation is designed to make the default of the party against whom it runs more profitable to the other party than performance would be, it will be void as a penalty. Thus, damages stipulated in advance should not be more than those which at the time of the execution of the contract can be reasonably expected from its future breach, and agreements to pay fixed sums plainly without reasonable relation to any probable damage which may follow a breach will not be enforced." (Footnotes omitted). 79 U.S.App.D.C. at 376, 147 F.2d at 575.

In order to apply the rule thus laid down it is necessary to review certain additional facts relating to the execution of the note and the course of the dealings between the parties.

█ One threshold consideration may be promptly eliminated. There was no overreaching. The parties were well represented by counsel. Plaintiff's real estate agent and an experienced attorney negotiated the transaction with defendant's husband, who acted as her agent, and defendant's attorney. There is no possibility that plaintiff entered into the commitment inadvertently. It should also be noted that neither the defendant nor any of the defendant's agents in any way requested, suggested or required that the cancellation clause be inserted. The cancellation clause was proposed on behalf of the plaintiff and accepted by defendant. Plaintiff is an educated architect. He placed his trust and confidence in his experienced representatives. All parties and their representatives acted in complete good faith.

Under the terms of the lease a number of eventualities were obviously within the contemplation of the parties and many uncertainties lay ahead when the note and the lease were signed. The structure could either be remodeled or razed and a new building constructed. Plaintiff would have to find substantial capital for either purpose and difficulties could obviously arise as he went forward with his then rather indefinite project. Defendant was receiving rental income

from the property prior to the arrangement and hence her obligations under the first trust were more or less protected. Her security in this regard was put in jeopardy by the appearance of the plaintiff and his ambitious plan, which, incidentally, he never was able to perfect.

There was no testimony in this case and inferences must be drawn from the formal documents. When the business situation is reviewed realistically, however, it is clear that both parties were taking considerable risks when the venture started. Certainly defendant as owner of the property had no assurance that rents would, in fact, be paid and she might well at some stage find herself with an unrentable property on her hands. Plaintiff was proposing to substitute the obligation under the note for defendant's obligation under the first trust. It was obvious for these reasons, since the trust was protected by the rental of the property, that he would have to guarantee rent sufficient to pay off the note so that defendant would not assume any additional risks for having accommodated him so he might go forward with the development of the property. A penalty would normally be exacted by a party lending the money for his own benefit. Here the lender is attempting to remove what is now called a penalty provision but which in fact is a provision which he advanced and which then benefited him. His proposal was a way of saying to defendant, as an inducement for her entering into the entire transaction, that he would commit to hold her harmless for substituting a first trust obligation apparently secured by rental income for an obligation to him in the same amount when his lease made rental income wholly uncertain.

The lease was cancelled and terminated as of February 1, 1965, because plaintiff failed to clear mechanics' liens from the property and foreclosure occurred under a large construction loan deed of trust which he had arranged in aid of remodeling the structure. The foreclosing lender did enter into a new lease in 30 days for the property on substantially similar terms and defendant thereafter again received rentals under the lease as soon as executed. Apparently there was a loss of about a few months' rent and expenses incident to arranging a new lease. Thus it is clear that the cancellation in fact, viewed from hindsight, operated substantially to defendant's benefit. It is equally clear, however, that the situation might have been quite different if there had not been a construction lender willing to take over and carry on the project. The property could well have remained in a nonrentable position for some time, tied up by uncertainties, litigation over mechanics' liens, or other contingencies, the precise nature of which was unforeseeable at the time the lease was entered into and the promissory note given. This was apparent to the parties at the time the lease and the note were signed.

The cases teach that the nature of the transaction should be viewed prospectively as of the time it was made and not from the safety of hindsight. The amount of the damages specified in the note and the lease does not appear disproportionate, viewing the transaction as a whole, and certainly not more than what could have been expected from its future breach. Plaintiff's argument that in the case of a minor infraction of the lease, such as nonpayment of a water bill on time, the full liquidated damage provision would come into effect, is not viewed sympathetically by the Court. It seems most doubtful that this was in the contemplation of the parties at the time the entire transaction was entered into. Responsible persons are involved. There is no reason to believe that defendant would press rights in this strict degree and, in any event, she did not and such a case is not before the Court. The provision is held to be an enforceable liquidated damage provision. The provisions of the contract, freely entered into, will be upheld. Nothing in this decision shall be taken to determine, one way or the other, whether defendant has in fact "other rights" she may pursue against plaintiff.

Judgment shall accordingly be entered for defendant. This Memorandum and the stipulated statements of fact, incorporated herein by reference, shall constitute the Court's findings of fact and conclusions of law.

Counsel to submit an appropriate order within one week from the date hereof.