**STONE HEATING & VENTILATING CO.,**
**Inc., a corporation, Appellant,**

v.

**ANACOSTIA LEASING CORPORATION,**
a corporation, Appellee.

No. 4581.

District of Columbia Court of Appeals.

Argued May 12, 1969.

Decided Oct. 3, 1969.

Norment Custis, Washington, D. C., for appellant.

Theodore Kligman, Washington, D. C., with whom Frank Boorstein, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge.

Appellant leased a 1966 Plymouth Valiant from appellee on April 7, 1966, for a three-year term at a monthly rental of $95.28. Under the agreement, the lessor (appellee) was obligated to pay for the vehicle's license, various taxes, insurance and maintenance. Having no further need for the car, appellant returned it to the possession of appellee on or about January 31, 1967, and paid no further rent. Subsequently, the parties had telephone conversations during which appellant was advised that the lease could not be renegotiated since the vehicle was a "compact car" .and appellee had no customer for it; and that the reason appellee had renegotiated prior leases with appellant was because the cars involved were standard size and "highly salable." Appellee notified appellant by letter of February 22, 1967, that under paragraph 6 of the lease agreement appel-

lant was obligated to it in the amount of $2,687.34; that appellant could either purchase the car for that amount or be held accountable for any deficiency resulting from a sale of the vehicle by appellee; that the highest of three offers for the car was $1,650.00; that the car would be sold for that amount on February 25, 1967, unless appellant notified appellee "to the contrary" by that date; and that if the car was sold for that amount, the amount of the deficiency owed by appellant would be $1,037.34. Appellant did not so notify appellee and the car was sold to a third person on February 25th at the price stated. Suit was filed on the lease for the deficiency.

Appellee relied in the trial court on a clause in the lease agreement providing that the lessee was required to purchase the vehicle at a sum computed according to the terms of paragraph 6 of the lease if he terminated the lease prematurely. Appellee established that this sum was $2,687.34, that the lessee did not purchase the vehicle and that it was sold to a third person for the highest offer received, namely, $1,650.00; and that, consequently, the lessee (appellant) owed the deficiency of $1,037.34. The trial court made a general finding for appellee and entered judgment for it in the latter amount.[1]

When, as here, a trial court makes a general finding the reviewing court must assume that disputed factual issues pertinent to a conclusion were resolved in favor of the party receiving the benefit of the conclusion. Dodge Engineering Associates v. Noland Co., D.C.Mun.App., 128 A.2d 655, 657 (1957). We must conclude the trial court necessarily found that appellant terminated the lease. This left for determination the appropriate measure of damages. Paragraph 6 of the lease pertained to premature termination of the lease by a lessee and provided that, after giving the lessor 30 days' notice in writing, the lessee shall purchase the vehicle at the "Termination

Value." This sum is computed by adding the depreciated value of the car as stated in the "Vehicle Lease Order" plus the "Premature Termination Factor" as provided in that Order times the number of months remaining to the end of the lease term. Application of this contract formula results in the sum of $2,687.34. The judgment entered ($1,037.34) made up the deficiency between the price for which the car was sold ($1,650.00) and this sum ($2,687.34). Before selling the car, appellee paid Chrysler Credit Corporation approximately $2,700 to satisfy its lien on the car.

Appellant contends that appellee did not prove a breach of contract by appellant; that, rather, the lease was cancelled by appellee; that under the lease appellant was excused from further rental payments and appellee had no entitlement to an acceleration of future payments; that the sale of the vehicle was a violation of appellant's 30-day option to purchase; and that paragraph 6 of the lease, relating to premature termination, may not be construed as a liquidated damage provision.

The finding of the trial court that appellant terminated the lease prematurely by announcing it had no further need for the car and returning it to appellee is supported by substantial evidence and is not clearly erroneous. Consequently, we must accept this finding. Richardson v. J. C. Flood Co., D.C.App., 190 A.2d 259, 261 (1963); D.C.Code 1967, § 17–305(a). We likewise agree with the court's application of the formula contained in paragraph 6 of the lease in determining the measure of damages. The parties agreed to be governed by it in the event of premature termination by the lessee. Appellant contends paragraph 6 of the lease may not be applied as it there provides for 30 days' notice in writing of the lease termination and no such notice was given. It is immaterial here that appellant did not give appellee this notice as it would have been only for the benefit of appellee and, conse-

---

1. The facts are contained in an "Agreed Statement of Proceedings and Evidence."

quently, the latter was entitled to waive it. Appellant did not establish that it would have purchased the car at the computed sum under the contract formula but was deprived of the opportunity to do so.

 Moreover, while paragraph 6 of the lease may be construed as a liquidated damages clause, appellant did not make any adequate showing that the damages awarded to appellee were so excessive as to amount to a penalty and therefore unenforceable. *See* Davy v. Crawford, 79 U.S. App.D.C. 375, 376, 147 F.2d 574, 575 (1945).

We think the trial court correctly granted judgment for the amount of the deficiency remaining after the sale to the third person and find no error requiring reversal.

Affirmed.