285 So.2d 619 (1973)
HILLSBOROUGH COUNTY AVIATION AUTHORITY, a Public Body Corporate, Appellant,
v.
CONE BROTHERS CONTRACTING COMPANY, a Florida Corporation, Appellee.
No. 72-1027.
District Court of Appeal of Florida, Second District.
April 27, 1973.
Rehearing Denied November 28, 1973.
Stewart C. Eggert, Allen, Dell, Frank & Trinkle, Tampa, for appellant.
J. Rex Farrior, Jr., Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
MANN, Chief Judge.
The Aviation Authority sought, in two counts, damages from Cone for its alleged failure to complete contracted work on time. The first count sought liquidated damages under a clause[1] reciting the difficulty *620 of determining exact damages for delay in completion of the Tampa International Airport and fixing rates at which liquidated damages were to be paid, a much higher rate being applicable to delay in the completion of work critical to the use of the airport. The second count is based on a clause[2] which emphasizes the *621 importance of certain phases of the work which must be scheduled compatibly with other work, in accordance with the critical path method of contract scheduling. The damages claimed under Count II are alleged to result from payments the Authority was required to make to other subcontractors on account of their losses attributable to Cone's departure from the critical path.
The trial judge held these clauses incompatible, and granted summary judgment on Count II, leaving the Authority only the agreed upon liquidated damages. We must reverse.
In the interpretation of contracts, it must be assumed that each clause has some purpose, and if the question is, as here, whether clauses are compatible or contradictory, the court should interpret the contract in such a way as to give effect to every provision, unless such an interpretation distorts the plain meaning of the agreement. It is not inconceivable that the drafters of a contract  here, the Authority  might pull stock language out of the file in compiling the agreement, and interpretation against the draftsman  the main support of the judgment appealed from  might result in the exclusion of actual damages by the liquidated damages clause. If the tenor of the agreement suggested inadvertent inclusion of the actual damages clause, we would think the appellee's position well taken, but in Section 5 the word "certain" appears repeatedly and the tenor of the instrument suggests that the parties contemplated a liquidated damages clause (that in Section 4) to cover the damages sustained by the Authority as a result of delay in the use of the new airport. Section 5, however, suggests that failure to comply with critical path scheduling will subject the Authority to liability to other subcontractors, on account of which actual damages may be assessed against Cone.
The Authority relies on Hathaway & Co. v. United States, 1919, 249 U.S. 460, 39 S.Ct. 346, 63 L.Ed. 707, in which the contract stated "The contractor shall pay, in addition to the liquidated damages hereinbefore specified, all expenses for inspection and superintendence." The Supreme Court determined that "there is no reason why parties competent to contract may not agree that certain elements of damage difficult to estimate shall be covered by a provision for liquidated damages and that other elements shall be ascertained in the usual manner." (249 U.S. at 464, 39 S.Ct. at 347) This certainly makes sense, and refutes the appellee's quotation from Corpus Juris Secundum[3] to the effect that both liquidated and actual damages should not be awarded. This is true enough when we are discussing double recovery for the same element of damages, but if we attribute to the contract of these parties any meaning at all it must appear that there are some elements subjected to determination under the liquidated damages clause, while those arising under Section 5 are treated separately. The trial judge will, of course, insure that the Authority does not recover twice for the same element of damages.
We think that the interpretation of this contract is governed by the general principle stated in Restatement of Contracts, Sections 235(c) and 236(a):
§ 235(c) A writing is interpreted as a whole and all writings forming part of the same transaction are interpreted together.
* * * * * *
§ 236(a) An interpretation which gives a reasonable, lawful and effective meaning to all manifestations of intention is preferred to an interpretation which *622 leaves a part of such manifestations unreasonable, unlawful or of no effect.
These contract provisions are compatible. Count II should be reinstated. To the extent that Paragraph 5 provides for damages for elements not covered by Paragraph 4, it should be given effect.
Reversed and remanded.
LILES and BOARDMAN, JJ., concur.

ON PETITION FOR REHEARING
MANN, Chief Judge.
The appellee begins its petition for rehearing by stating: "First, let there be no mistake that the absolute and unequivocal law of the United States prohibits the award of both liquidated damages and actual damages for the same elements of damage." We agree. It may have passed unnoticed, but we specifically said in our original opinion, "The trial judge will, of course, insure that the Authority does not recover twice for the same element of damages." In denying this petition for rehearing we would point simply to the language of Paragraph 4.1 of the parties: "Since both parties recognize that precise actual damages for delay are impossible of agreed determination, the fixed agreed and liquidated damages, described in General Conditions shall be as follows: ..." Paragraph 5, quoted in our original opinion, differentiates critical path scheduling from complete job scheduling, emphasizes that certain work is subject to the critical path method of scheduling and goes on to say: "In the event that the contractor fails to complete any of the various work elements in the allotted time, he shall be liable for additional costs, if any, which are incurred by the Owner because of failure of the Contractor to complete such work within such time limits."
We thought we made it clear in our original opinion that damages recoverable under Paragraph 5 are limited to additional costs. Damages on account of delay are covered by Paragraph 4.1 and are liquidated. We thus made it clear that there is to be no double recovery for the same element of damages. The petition for rehearing is denied.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] Schedule I
The Contractor for the work set forth under Schedule I in the proposal and Contract shall perform fully, entirely and in a satisfactory and acceptable manner the work contracted for within four hundred and twenty (420) calendar days.
3.2 Schedule II
The Contractor for the work set forth under Schedule II in the proposal and Contract shall perform fully, entirely and in a satisfactory and acceptable manner the work contracted for within one hundred and twenty (120) calendar days.
4.1 Schedule I
Since both parties recognize that precise actual damages for delay are impossible of agreed determination, the fixed agreed and liquidated damages, described in General Conditions shall be as follow:
1. Four hundred dollars ($400.00) per day for each calendar day of delay in the work prior to October 27, 1970 as more fully described hereinafter.
2. October 27, 1970 is the contract date for substantial completion of the new Landside Terminal Building presently being constructed by others as part of the new Terminal Complex at Tampa International Airport. On October 27, 1970, or such revised substantial completion date of the Landside Terminal Building as may occur because of authorized extensions of contract time for that construction, all other essential elements of the new Terminal Complex will be complete and ready for use. Thus, if any essential element of the Central Area Roadway System Contract under Schedule I is not substantially complete by October 27, 1970 (or by the authorized, revised Landside Terminal Building substantial completion date), the entire new Terminal Complex cannot function as an operational air terminal facility. Therefore, liquidated damages for failure to substantially complete the essential elements of the Central Area Roadway System under Schedule I by October 27, 1970, or by an authorized revised Landside Terminal Building substantial completion date, shall be six thousand dollars ($6,000.00) per day for each calendar day delay in the work, beyond such Landside Terminal Building Substantial completion date. The "essential elements" of the Contract being defined as all roadways, parking lots, structures, drainage and rough grading to allow utility placement by others. The liquidated damages for delay in non-essential construction elements shall remain fixed at $400.00 per calendar day.
4.2 Schedule II
The amount of liquidated damages for failure to complete the work under Schedule II in the time specified herein is set in accordance with 70-05 as two hundred dollars ($200.00) per calendar day.
70.05 Failure to Complete Work
For each day that any part of the work remains uncompleted after the expiration of the time allowed for completion of the work stipulated in the Contract or as increased by a Change Order, the sum per day given in the Supplementary General Conditions shall be deducted from any moneys due the Contractor, or if no money is due the Contractor, the Owner shall have the right to recover said sum or sums from the Contractor, from the Surety, or from both. The amount of these deductions are to cover liquidated damages to the Owner incurred by additional and other expenses due to the failure of the Contractor to complete the work or any part of the work within the time specified, and such deductions are not to be considered as penalties.
The damages stipulated in the Supplementary General Conditions are to be deducted from any moneys due the Contractor as liquidated damages for the loss to the Owner on account of the expense due to the employment of Engineers and their assistants and to any other expenses after the expiration of completion time set forth by the Engineer.
[2] 5. Critical Dates for Work Completion

The work under this Contract is part of the construction of a new terminal complex at Tampa International Airport. Because of this, certain work under this Contract must be completed by certain dates as set forth in the schedule on the following page. This schedule is not intended to take the place of complete job scheduling by the Contractor but is included to show certain critical times for various phases of the job on which the complete job schedule must be based. There shall be no changes in the time limits allotted for the various elements of construction without written permission of the Engineer; however, the Engineer reserves the right to make changes in the required sequence of operations shown on the schedule as changing job conditions dictate. In the event that the Contractor fails to complete any of the various work elements in the allotted time, he shall be liable for additional costs, if any, which are incurred by the Owner because of failure of the Contractor to complete such work within such time limits.
[3] 25 C.J.S. Damages § 116.