David M. BURNS, et al., Appellants,

v.

The HANOVER INSURANCE COMPANY, Appellee.

No. 81–1112.

District of Columbia Court of Appeals.

Argued Sept. 30, 1982.

Decided Dec. 22, 1982.

Gail E. Ross, Washington, D.C., with whom Ronald A. Schechter, Washington, D.C., was on the brief, for appellants.

George B. Reynolds, Washington, D.C., with whom Marvin P. Sadur, Washington, D.C., was on the brief, for appellee.

Before NEBEKER, MACK and PRYOR, Associate Judges.

MACK, Associate Judge:

Appellants Mr. and Mrs. Burns contracted with Blanken and Silverman Construction Company for the construction of two houses (for residential and rental uses). When the construction company went into default, appellee-Hanover Insurance Company (as surety for the construction company) completed the contract at a date later than that originally scheduled. When the Burnses refused to pay the balance of the contract price and the cost of additional work Hanover brought an action for breach of contract. Appellants counterclaimed for breach of contract by the construction company. The trial court found that appellants were liable for the unpaid balance on the contract and that appellee was liable as surety for damages for unexcused delay for seven months. The court further found that damages against appellee were limited by Article 3 of the contract.

The sole issue raised in this appeal is whether Article 3 constitutes a liquidated damages clause and the exclusive remedy for delay damages. We find the contested article to be a liquidated damages clause and therefore affirm.

Article 3 provides:

TIME OF COMMENCEMENT AND COMPLETION

The work to be performed under this Contract shall be commenced within two working days of issuance of necessary demolition and building permits, and completed within 200 days after all necessary building permits have been issued by the appropriate authorities. (Here insert any special provisions for liquidated damages relating to failure to complete on time)

The Owner will suffer financial loss if the Project is not completed by the above date. The contractor shall be liable for and shall pay to the Owner, on an actual expense basis as established by receipts, not more than $1,000 for packing and storage of furnishing and $30 per day for temporary accommodation.

 It is well-settled that parties to a contract may agree in advance to a sum certain to be forfeited as liquidated damages for breach of contract. Such a bargained-for liquidated damages clause is valid unless it is found to constitute a penalty. *Order of AHEPA v. Travel Consultants, Inc.*, D.C.App., 367 A.2d 119 (1976). One criterion this court has used to determine whether a provision should be construed as a penalty is that

damages stipulated in advance should not be more than those which at the time of the execution of the contract can be reasonably expected from its future breach, and agreements to pay fixed sums plainly without reasonable relation to any probable damage which may follow a breach will not be enforced. [*AHEPA, supra* at 126 (quoting *Davy v. Crawford*, 79 U.S. App.D.C. 375, 376, 147 F.2d 574, 575 (1945)).]

There is no question that Article 3 does not constitute a penalty. Appellants posit that because the actual damages incurred by them exceeded the stipulated sum, Article 3 is unreasonable and therefore unenforceable.[1] We disagree. A liquidated damages clause stipulates damages which, at the time of contracting, can reasonably be expected to result from a breach. The very purpose and nature of a liquidated damages clause, therefore, all but guarantees that the liquidated sum will not be identical to the actual damages incurred. The contracting parties here chose to liquidate their damages as they have a right to do.[2] As long as the liquidated sum bears a reasonable relation to the damages foreseeable at the time of contracting, the clause is enforceable. There is no basis for a finding that Article 3 fails to meet this test of reasonableness. Thus, we find Article 3 to be an enforceable liquidated damages clause.

 Appellants assert that because Article 3 refers only to three specific areas of damage, the clause does not limit other delay damages. Parties may limit damages in certain areas and not in others by including in the contract both a liquidated damages clause applicable to damages which are difficult to ascertain along with a clause providing actual damages. *Hathaway & Co. v. United States*, 249 U.S. 460, 39 S.Ct. 346, 63 L.Ed. 707 (1919). Appellants and the Construction Company could have provided that Article 3 was limited in application to packing and storage of furnishings and temporary accommodations and that other damages could be determined by the usual method. Article 3, however, does not contain such a dual system for recovery of damages. The clause establishes that the appellant will incur damages in the event of delay and then liquidates the elements and extent of the damages. We find no reason

1. Appellants did not present—nor have we located—any case where a liquidated damages clause was found unenforceable because the damages provided were disproportionately low in relation to the actual damage incurred. *See Coast Trading Co. v. Parmac, Inc.*, 21 Wash. App. 896, 587 P.2d 1071 (1978) (damages restricted to amount in liquidated damages clause in sales contract although actual damages substantially in excess of that sum).

2. The fact that Article 3 deviates from the more common liquidated damages clause by setting a ceiling on damages in lieu of setting a finite per diem amount does not void the agreement entered into by the parties.

328

why Article 3 should not be enforced as written.[3]

Interpretation of a contract provision is a question of law for the court to decide and this court will not reverse such a decision absent a showing of error of law. D.C.Code 1981, § 17–305(a). Considering the evidence in light of this standard, we conclude that the trial court did not err in ruling Article 3 to be an enforceable liquidated damages clause and the sole remedy for delay damages under the contract. Finding no reversible error in the judgment, we

*Affirm.*

NEBEKER, Associate Judge, dissenting:

I cannot agree with the majority's determination that Article 3 constitutes a liquidated damages clause. By definition, a liquidated damages clause specifies a *sum certain* to be forfeited in the event of breach of contract. *Order of Ahepa v. Travel Consultants, Inc.,* D.C.App., 367 A.2d 119, 126 (1976); *Davy v. Crawford,* 79 U.S.App.D.C. 375, 376, 147 F.2d 574, 575 (1945); 5 WILLISTON ON CONTRACTS § 776 (3d ed. 1961). Liquidated damages clauses are employed in situations where the amount of damages incurred as a result of a breach would be difficult to ascertain. By contrast, Article 3 requires all damages incurred by the owners for packing and storage of furnishings and temporary accommodations to be backed by *actual receipts.* Quite simply, damages under this contract were never liquidated; the parties merely set a ceiling for recovery on three expenses. Therefore, it was error to rule as a matter of law that the language in Article 3 excluded proof of other types of damages resulting from a contractual breach. Evidence of additional

3. Appellants contend that even if Article 3 is found to be a liquidated damages clause, it is unenforceable because the delays involved

expenses should have been presented to the trier of fact.

were prolonged, almost rising to the level of abandonment. We find this argument unsupported by the facts.