William COUNCIL, Appellant,

v.

Frank HOGAN, Jr., Appellee.

No. 87–1184.

District of Columbia Court of Appeals.

Submitted April 13, 1989.
Decided Dec. 6, 1989.

William Council, filed a brief pro se.

Frank Hogan, Jr., filed a brief pro se.

Before BELSON, Associate Judge, PRYOR, Senior Judge, and MACK, Associate Judge, Retired.*

BELSON, Associate Judge:

The subject matter of this case is a seemingly simple agreement between two friends for a loan of $500, with the debtor's automobile guaranteeing the loan. Appellant Council, the debtor, defaulted and the trial court issued a writ of replevin for the car in favor of appellee Hogan. Appellant challenges this ruling.[1] Because we find the record in this case inadequate to support the issuance of the writ, we reverse and remand the case for further proceedings.

As of May 21, 1987, Hogan and Council had been friends for some twelve years. On that day Hogan agreed to lend Council $500 for thirty days so that Council could make an overdue payment on his home

---

* Judge Mack was an associate judge of the court at the time of submission. She became an associate judge, retired, on October 1, 1989.

1. The trial court's judgment is appealable under D.C.Code § 11–721(a)(2)(C) (1981), as an interlocutory order "changing or affecting the possession of property...."

mortgage. The two friends memorialized their agreement in handwriting as follows:

> I William Council do hereby accept $500.00 loan from Frank Hogan Jr. with the understanding that I will repay this full amount to him or his heirs on or before the 21 of June, 1987.
>
> If for any reason this amount is not paid in full by the above date, I agree to forefit [sic] the title to my 1967, 4 door, gray Jaguar which has a value of $8,000.00. This will be the totle [sic] agreement and keys will be turned over on the 22nd day of June if the $500.00 is not repaid as agreed.

The agreement was signed by both parties as well as a witness.[2]

After Council failed to repay the loan as required, Hogan filed a complaint in the Civil Division of the Superior Court in the nature of an action in replevin, claiming ownership of the Jaguar and seeking title to it as well as court costs and interest. In keeping with the requirements of Super.Ct. Civ.R. 64–II(a), Hogan went before the Civil Calendar Control Judge and secured a date for a hearing at which he would be required to establish the probable validity of his claim and defendant would be given an opportunity to appear and be heard with respect to whether a writ of replevin should issue. Hogan's complaint, however, was not verified, as required by Super.Ct. Civ.R. 64–II(b), and he failed to accompany it with an affidavit as required by D.C. Code § 16–3703 (1981).

Hogan and Council appeared the following month before the judge then assigned to the Civil Calendar Control Court for the scheduled hearing on Hogan's application for a writ of replevin. The judge proceeded in an appropriately informal manner to attempt to ascertain the positions of the two *pro se* parties, and tried to persuade

them to settle their differences. Although Council eventually offered to pay the full $500 by the end of the day, plus court costs, Hogan apparently took the view that he was entitled to the Jaguar instead. He stated that the automobile, worth $8,000 according to the agreement, was originally collateral, but that after Council failed to repay the loan by the date due, the Jaguar was no longer security; instead it was the "item" to which he was entitled. In issuing the writ, the court made no findings or conclusions with respect to whether Hogan had established the probable validity of his claim, *see* Super.Ct.Civ. 64–II(b), and articulated no view with respect to whether Hogan was entitled to ownership of the Jaguar. Council appealed the issuance of the writ, and secured a stay upon posting a bond. *See* Super.Ct.Civ.R. 64–II(d).[3]

■ We hold that the issuance of the writ of replevin was inappropriate for several reasons. D.C.Code § 16–3703 requires that at the time of filing a complaint in replevin, the plaintiff must file an affidavit containing specified averments. Super.Ct. Civ.R. 64–II(b) requires that the plaintiff have filed a verified complaint as of the time of the application by plaintiff for a hearing on the probable validity of his claim. Hogan complied with neither of these requirements, and thus was not entitled to even the setting of the hearing on the issuance of the writ.[4] Under the circumstances, the court erred in permitting Hogan to go forward.

■ At the hearing on the probable validity of Hogan's claim, it became abundantly clear that Council and Hogan took different positions with respect to the intent of the parties in entering into the agreement. In rejecting Council's offer of payment in full plus court costs that day, Hogan voiced his view that he was entitled

---

**2.** Because no formal testimony or evidence was taken, this rendition of the facts is taken from the briefs and the transcript of the unsworn colloquy between the judge and the parties.

**3.** The transcript of the motions hearing contains no reference to scheduling a trial of the replevin action which, according to Super.Ct.Civ.R. 64–II(g), was required to be expedited. It is not clear whether the *pro se* parties realized that the

issuance of the writ for the Jaguar would be followed by a trial on the merits. At several points during the hearing, the judge advised the parties of the importance of securing legal advice.

**4.** A verified complaint, setting forth the averments required by D.C.Code § 16–3703 would satisfy the requirements of both that statute and Super.Ct.Civ.R. 64–II(b).

to the Jaguar itself. Council's position was based on the theory that the Jaguar was only collateral. While the court referred at times to the Jaguar as collateral, it did not contradict Hogan's view that he was fully entitled to the car itself if he wanted it.

Under these circumstances, it was incumbent upon the court to state its conclusions as to the probable validity of Hogan's claim. *See* Super.Ct.Civ.R. 64–II(b). While the court was not required to make formal findings like those required upon the trial of a civil action without a jury under Super. Ct.Civ.R. 52, it was required at least to articulate its conclusions sufficiently to inform the parties of the basis for issuance of the writ, specifying whether it was that Hogan was entitled, on the one hand, to absolute ownership of the Jaguar or, on the other, merely to seizure of the Jaguar as security for the unpaid loan. Such an articulation of the basis of the court's ruling is also of aid to a reviewing court. In this case, the court should have held an evidentiary hearing sufficient to make a preliminary determination of the intent of the parties in order to reach its conclusion regarding issuance of the writ.

■ We note also that the clerk's entry made after the hearing indicates that the trial court waived the requirement of bond in connection with the issuance of the writ of replevin. D.C.Code § 16–3704 mandates the filing of an undertaking to protect the defendant in a replevin action. Only the defendant can waive such an undertaking.

■ For the foregoing reasons, the action of the trial court in issuing the writ will be reversed, and the case remanded to the trial court for appropriate proceedings. The trial court may, in its discretion, afford Hogan an appropriate time in which to file the required affidavit and a verified complaint. Because the trial court may be called upon again to consider issuance of a writ, and because the action, if it is not settled, may eventually be the subject of a trial on the merits, some matters raised

before the trial court merit brief discussion. We observe first that when a debtor is in default under a security agreement, the secured party may enforce the security interest by any available judicial procedure. D.C.Code § 28:9–501 (1981 & Supp.1989). An action in replevin provides an appropriate means of proceeding. *See Roebuck v. Walker–Thomas Furniture Co.,* 310 A.2d 845 (D.C.1973). Thus, if the seemingly simple but inartfully drawn agreement entered into by the parties is found to have been intended to serve as a security agreement, Hogan was entitled to bring an action in replevin to vindicate his rights under the agreement. If he should take control of the Jaguar as collateral under the agreement, then he would be required to proceed in a commercially reasonable manner in disposing of it to pay for Council's debt to him, and would be required to account to Council for any surplus realized from the disposition of the collateral. D.C.Code § 28:9–502, –504(2) (1981 & 1989 Supp.). Hogan, of course, would not be entitled to outright ownership of the Jaguar if the agreement is construed to be a security agreement.[5]

■ Another possible view of the transaction between Council and Hogan is that their agreement provided that the Jaguar would constitute liquidated damages in the event of Council's breach. Courts, however, will not enforce liquidated damages clauses if they are unreasonable, out of proportion to the injury suffered, or constitute a penalty. *See Burns v. Hanover Inc. Co.,* 454 A.2d 325, 327 (D.C.1982). To avoid being a penalty, the liquidated damages must not be disproportionate to the level of damages reasonably foreseeable at the time of the making of the contract. *Id. See Order of AHEPA v. Travel Consultants, Inc.,* 367 A.2d 119, 126 (D.C.1976), *cert. denied,* 434 U.S. 802, 98 S.Ct. 30, 54 L.Ed.2d 60 (1977); 5 A. CORBIN, CORBIN ON CONTRACTS § 1065 (1964). The authorities cited make it highly unlikely that Hogan had an enforceable right to the ownership

---

5. With respect to Council's efforts to reach a settlement at the hearing, we point out that pursuant to D.C.Code § 28:9–506 (1981), the debtor has a right to redeem the collateral by fulfilling his obligation to the creditor, plus paying the creditor's reasonable costs in protecting his rights, before the secured party disposes of the collateral.

of the Jaguar as liquidated damages if it was worth anything approaching the amount stated in the agreement.

For the reasons stated above, the action of the trial court in issuing the writ will be reversed, and this action remanded to the trial court for appropriate further proceedings.

*So Ordered.*